Mary E. Stooksbury et al. v. M. Swan et al.

No. 12.

**1. Ancient Instrument — Affidavit of Forgery.**— An ancient instrument produced from the proper custody is admissible in evidence without proof of its execution, although an affidavit of forgery be filed.

**2. Same — Burden of Proof.**— The plaintiffs claimed the land sued for as heirs of their mother, in whom had been the title. Proof that they were the children of the alleged mother was made. The defendants relied on a conveyance from the parents of the plaintiffs. An ancient instrument purporting to be such deed was produced. The plaintiffs interposed an affidavit of forgery. *Held*, as it devolved upon the defendants to establish their defense, it was error to instruct the jury that the burden of proving the forgery rested upon the plaintiffs.

**3. Practice — Genuineness of Ancient Instrument.** — On the issue made by affidavit attacking as a forgery an instrument purporting to be ancient, as to its genuineness the jury are entitled to look to all the evidence tending to prove or disprove any corroborative fact necessary to be shown and considered by the court in the first instance in determining whether the instrument should be admitted. The instruction that the burden of proving the forgery rests upon the party attacking it is faulty—

1. In that it assumes that the corroborative facts are proven.

2. That the age and the admission of the instrument in evidence have the effect to shift the burden of proof as to genuineness, and hence the charge is upon the weight of the evidence.

**4. Same.**—No more weight could be given to a deed, as matter of law, which was admissible and admitted as an ancient instrument, than ought to be to one proved by a subscribing witness. So far as admissibility is concerned, this must

85b 563
86 419
85b 563
88 394

be determined by the court; but the ultimate weight to be given to a deed admissible because proved in the one way or the other, so far as the question of genuineness goes, when there is a conflict of evidence as to this, must be determined by the jury.

5. **Same—Charge.**—Where an ancient instrument was attacked by affidavit of its forgery, it was admissible; but when there was conflicting evidence as to its genuineness, it was error for the court to instruct that the affidavit of forgery did not require the proof of the deed to be made by those producing and relying upon it. This was equivalent to telling the jury that plaintiff's had produced evidence sufficient to show the execution of such deed.

6. **Same—Presumption of Fact.**—The rule of evidence in admitting documents of over thirty years age without direct proof of execution, is based upon presumptions recognized in the common experience of mankind; but such presumption is one of fact, not of law.

7. **Charge Upon Weight of Evidence.** — The court charged: "It is a general rule of law, that acts which purport to have been done by public officers in their official capacity and within the scope of their duty, will be presumed to have been regular and in accordance with their authority, until the contrary appears." This charge referred to a notarial seal, or whether such seal attested the notarial certificate of privy acknowledgment. This was in effect a charge that the paper offered in evidence was prima facie evidence that the officer had affixed to his certificate his seal required by law. This was instructing upon the weight of evidence.

8. **Presumptions of Fact—Charge.**—When a judge instructs a jury that a given fact will be presumed, he must be understood to mean that the fact is to be taken as established—a result which can not be reached except in those cases in which the presumption is said to be of law, and therefore conclusive, otherwise than by weighing the evidence and therefrom determining the existence or nonexistence of the fact. This is the work of the jury. Rev. Stats., art. 1315. An instruction as to such presumption of fact is error.

9. **Same.**—It has been frequently held in this State, that a charge which in effect informed a jury that the law presumed the existence of some fact from the existence of others, is a charge upon the weight of evidence, and therefore improper; unless it be in those cases in which the presumption is said to be one of law, or one of fact required by positive law but rebutable.

10. **Jury Exclusive Judges of Weight of Testimony.** — The law prescribes (Code of Criminal Procedure, article 728): "The jury are in all cases the exclusive judges of the facts proved, and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." While this statute applies in terms only to criminal proceedings, it fairly states the rule applicable to civil cases.

11. **Same—Charge.**—In all cases, the existence or nonexistence of the facts the evidence tends to prove, as well as the existence of the fact to be implied from other facts, must be left to the determination of the jury. An instruction should not convey to the minds of the jury an impression that the law or the judge attaches certain weight to particular testimony, except in the instances before stated.

THIS is a case certified by the Court of Civil Appeals, Second District, to the Supreme Court, upon dissent by Justice Stephens to the decision of the majority of the members of the court.

STAYTON, Chief Justice.—This cause comes before us on certificate of dissent involving only two questions, and none others will be considered.

All of the judges of the Court of Civil Appeals concurred in holding that the deed through which defendants claim was properly admitted as an ancient instrument, notwithstanding an affidavit of forgery.

The rights of the respective parties depended upon the genuineness of that instrument, and its proper execution and authentication to give it effect as a conveyance made by a married woman of her separate estate.

There was much evidence introduced by the respective parties, in addition to the paper which purported to be a deed made by plaintiffs' ancestors, on the one side tending to show that the instrument was genuine and properly executed, and on the other tending to show that it was not genuine, and that it never was authenticated as required by law.

In this state of cause, the court gave the following instruction:

"That in order to make the deed in controversy sufficient to convey the title of the land involved in this suit to John Stiles, it is necessary that it should have been signed by Robert W. Hamilton and Eliza Ann Hamilton; and in determining whether or not the signature of Robert W. Hamilton to such deed is a forgery, you are charged that a deed over thirty years old is admitted as evidence before the jury without any other proof of its execution, and the affidavit of forgery filed herein does not require defendants to prove such deed to be genuine, but the burden of proving it to be a forgery is on the plaintiffs; but the fact that the deed is thirty years old or over is not conclusive of its genuineness, but it can be shown to be a forgery by evidence, as could any other instrument; and the jury are to determine, from all the facts and circumstances in evidence, whether or not such deed is in fact genuine or a forgery. If, therefore, the jury find from the evidence that the signature of Robert W. Hamilton to such deed was not made by Robert W. Hamilton, and that the same is a forgery, you should find for plaintiffs on the issue of title."

The assignment of error, so far as necessary to be considered, was as follows:

"The court attached undue weight to the instrument upon which said charge was given, by assuming in said charge, and conveying the idea to the jury, that said instrument as presented to the jury proved its own execution and genuineness as the deed of Eliza Ann Hamilton to the land in controversy, and placed the burden on plaintiffs to disprove the same."

The rest of the assignment was argumentative, and may not have been calculated to sustain the proposition embraced in so much of the assignment as is here quoted; but we are of opinion that the assignment is sufficient to require an examination of the charge.

The deed purported to be made by Robert W. Hamilton and his wife

Eliza Ann, the mother and father of the plaintiffs; and while the affidavit of forgery applied to the entire instrument, there was no direct evidence tending to show that it was not executed by the mother, but there was direct testimony tending to show that the father did not sign it.

If the deed was properly admitted as an ancient instrument, in the absence of all testimony tending to show that it was not a genuine instrument, the judgment must necessarily have been for the defendants, if there was no other question in the case; but the question arises, where there was testimony tending directly to show that the instrument was not signed by the father, and other circumstances bearing on the question of the genuineness of the instrument, whether the charge was calculated to mislead the jury.

The latter part of the charge informed the jury, that the age of the deed was not conclusive evidence of its genuineness, and that notwithstanding its age it might be proved to be a forgery, as could any other instrument, and it directed the jury to look to all the facts and circumstances in evidence to determine whether the deed was genuine or a forgery.

There can be no objection to so much of the charge; but in view of what preceded, what facts and circumstances were the jury to consider as in evidence, and what weight were they to understand from the charge should be given to the deed itself?

They had been instructed, in effect, that the deed was admissible and had been admitted in evidence because it was over thirty years old, and if this had been connected immediately with the latter part of the charge, which we have already noticed, there could have been no reasonable objection to it; but were the words " the affidavit of forgery filed herein does not require defendants to prove such deed to be genuine, but the burden of proving it to be a forgery is on the plaintiffs," calculated to mislead the jury, or was the charge by reason of this erroneous?

In cases in which evidence is introduced by the respective parties, tending to prove and to disprove the issues of fact involved in a cause, occasion does not arise for declaration upon whom the burden of proof rests; for the question then becomes merely one of preponderance of evidence, which is for the decision of the jury under all the evidence introduced, whether this be direct or circumstantial.

In such cases a charge upon the burden of proof is more likely to mislead than to give a jury a correct view of their duties.

The charge placed the burden of proving that the deed was not genuine upon the plaintiffs. Was that correct? The land having been granted to an ancestor of Mrs. Stooksbury, proof that she was the sole heir entitled her to a judgment, in the absence of testimony sufficient to show that her mother, joined by her father, executed the instrument under which defendants claim.

The burden of bringing evidence to show that that instrument was ex-

ecuted by them rested upon those who asserted that fact, and a charge to the contrary was erroneous. Upon whom rests the burden of bringing evidence to establish a material issue of fact must be determined by the court; but whether that burden has been met, when there is a conflict of evidence, must be determined by the jury.

The charge assumed that the age of the instrument entitled it to admission as evidence without reference to proof of the necessary corroborative facts; and, in effect, informed the jury that its age and admission made it necessary for plaintiffs to bring evidence sufficient to show that it was not executed by the father and mother of Mrs. Stooksbury.

There are several objections to such a charge.

On the issue as to the genuineness of the instrument, the jury were entitled to look to all the evidence tending to prove or to disprove any corroborative fact necessary to be shown and considered by the court in the first instance in determining whether the instrument should be admitted, and the charge was calculated to induce the belief that all facts of this character had been conclusively settled by the court when the paper was admitted as an ancient instrument.

The more obvious and fatal objection to so much of the charge, however, is, that it declared that the age and admission of the instrument must be given a prima facie effect, whereby the burden of proving the instrument not to be genuine was cast upon the plaintiffs.

Thus the court assumed and exercised the power to weigh and declare the effect to be given to evidence, which was a clear violation of the statute, which declares that a judge shall not charge or comment on the weight of evidence, but shall submit all contested questions of fact solely to the decision of the jury. Sayles' Civ. Stat., art. 1317.

As before said, it rested with the defendants to prove the execution of the deed on which they relied, and this they attempted to do by proving its age and other corroborative facts deemed by the court sufficient to authorize its admission in evidence; and when the court declared that the evidence of genuineness thus furnished cast the burden of proving that the instrument was not genuine upon the plaintiffs, he, in effect, declared that the evidence introduced on the admissibility of the deed proved prima facie its genuineness.

Such a conclusion can not be reached without weighing the evidence on which it is based, and a declaration of the result of that process is a charge or comment on the weight of evidence as clearly as would be a declaration by a court to a jury that the evidence of a particular witness was sufficient prima facie proof of some specific fact.

If, instead of relying upon the deed as an ancient instrument, its execution had been proved by a subscribing witness, and upon this admitted in evidence, would it be contended, when the evidence of that witness was directly contradicted by one or more witnesses introduced by the

plaintiffs, that the court might lawfully charge that the burden then rested upon the plaintiffs to prove that the deed was not genuine?

Certainly not, for such a charge would rest upon the theory that the court might weigh the testimony of the witnesses, and declare that of the subscribing witness entitled to more weight than should be given to the testimony of others.

In such a case the burden would still rest upon the party offering and relying upon the deed, and a jury should be instructed to decide the issue in accordance with the preponderance of the evidence.

No more weight could be given to a deed, as a matter of law, which was admissible and admitted as an ancient instrument than ought to be to one proved by a subscribing witness.

So far as their admissibility is concerned, this must be determined by the court; but the ultimate weight to be given to a deed admissible because proved in the one manner or the other, so far as the question of genuineness goes, when there is a conflict of evidence as to this, must be determined by the jury.

The charge, in addition to informing the jury that the burden of proving the deed not to be genuine rested upon the plaintiffs, informed them that the affidavit of forgery did not require defendants to prove the deed to be genuine.

It is true, where a deed is offered as an ancient instrument, that an affidavit of forgery does not make it necessary, in order to entitle it to admission, that proof other than such as is requisite in such cases should be made; but the question of admissibility is in all cases for the court, while the weight to be given to the evidence on which it is admitted, as well as to the instrument itself, in so far as the question of genuineness goes, where there is a conflict in the evidence on this point, must in all cases ultimately be left to the decision of the jury.

The part of the charge last noticed was evidently intended to impress upon the jury the belief, that in the opinion of the court, defendants had introduced sufficient evidence to show that the deed was executed by the father and mother of plaintiff—that the genuineness of the deed was proved.

If on proper and uncontroverted testimony a deed be admitted as an ancient instrument, then, in the absence of evidence, subsequently admitted, tending to show that it is not genuine, a court might, without violation of the statute, instruct a jury to consider the execution of the instrument proved; but such was not the attitude of this case; and from the charge the jury might well come to the conclusion that the admission of the deed entitled it to more weight than they were under obligation to give to it.

In dealing with questions of this kind, sight must not be lost of the fact.

that the court and jury each have their proper powers, the exercise of which by the one is not an invasion of the right of the other.

Whether testimony is admissible is addressed to and must be determined by the court; but the weight to be given to corroborative evidence on which a deed is admitted as an ancient instrument, including the appearance and age of the paper itself, as well as to all evidence introduced and tending to show that the paper is not genuine, must be left for the ultimate decision of the jury, under all the relevant testimony permitted to go before them.

" If the genuineness of a deed is the fact in question, the preliminary proof of its execution, given before the judge, does not relieve the party offering it from the necessity of proving it to the jury. The judge only decides whether there is, prima facie, any reason for sending it at all to the jury." 1 Greenl., 49.

" In all cases the question, whether evidence be admissible or not, is a question to be decided by the judge alone, although, after it is admitted, its credibility and weight are questions for the jury, who in so doing consider all the circumstances of the case, including, of course, those upon which the judge has decided that the evidence was admissible." Stark. on Ev., 788; Pasture Co. v. Preston & Smith, 65 Texas, 451.

Such being the rule, the charge, to the effect that defendants were not required to prove the genuineness of the deed, was misleading.

The evidence as to the genuineness of the deed, as before said, was conflicting, and the question should have been left to the decision of the jury, under an instruction requiring them to look to all the evidence permitted to go before them, without any intimation that the admission of the deed relieved the defendants from the necessity to produce a preponderance of evidence in favor of its genuineness.

The effect of the charge given was to declare to the jury, that defendants had prima facie established the proper execution of the deed by the parents of the plaintiff, and in view of the conflict of evidence, this was error. Pasture Co. v. Preston & Smith, 65 Texas, 452.

The rule under which ancient instruments are admitted in evidence, without direct proof of their execution, is based on the usual relation of ascertained facts to some ulterior fact not directly proved, which the common experience of men shows usually to exist.

The fact not directly proved is said to be presumed, but the presumption is only one of fact; and when the fact to be presumed is controverted by direct testimony, the jury may indulge or reject the presumption, as the entire evidence may justify; and in such a case a court has no lawful power to compel a jury, through a charge, to indulge or reject the presumption, for such a power could not exist without the right to weigh and declare the weight of the evidence introduced by the respective parties.

The matter of presumption will be considered in another banch of this case.

While under a usual charge a jury will ordinarily understand that it is their duty to weigh the testimony of a witness who testifies before them, and to judge of his credibility, it may be true that they may not always so fully understand that it is their privilege, as well as duty, to weigh every part of the direct testimony, and therefrom to draw such inferences of fact as this may justify; and in many cases it will be proper for a court to so shape the charge that a jury may clearly understand their duty in this respect, but in so doing should carefully refrain from violating the rule which forbids the judge to charge or comment on the weight of evidence.

The charge in this case was not of that character, and courts have no right to approve it, and thus indirectly repeal a statute. If the statute be impolitic, the Legislature ought to repeal it; but so long as it stands, the courts must enforce it.

The certificate authenticating the deed on which defendants relied purported to be made by a notary public, and was in form such as the law required to be made to a deed conveying the separate estate of a married woman.

The conclusion of the certificate was as follows:

"To certify which, I hereto sign my name and affix my seal, this fourth day of January, in the year of our Lord one thousand eight hundred and forty-nine.

"GEORGE S. YOUNG,
"Notary Public, Red River County."

Where the notary's seal is usually placed there appears on the paper a discoloration, circular in form, and about the usual size of a notary's seal; and on this are seen fragments of wax of same color as the circle, which shows the discoloration of the paper, over which the wax seems once to have extended, but the paper does not now show that a notarial seal was ever impressed upon it.

The notary's signature was proved, and there was testimony, circumstantial in character, rendering it likely that he used at that time a seal that would not leave its impress on paper, but on wax would leave its impression, with a raised star in the center and letters around the margin; while on the other hand, there was evidence to the effect, that a short time before the date of his certificate to the deed in controversy he used a seal making its impress on paper—such a seal as is commonly used.

The notary was a subscribing witness to the deed, and proved it for record on October 11, 1851, the father of plaintiffs never having acknowledged it.

There was some other evidence circumstantial in character coming from each side.

After instructing the jury, with substantial accuracy, what would constitute a seal, and as to the time when a seal must have existed on the paper to give validity to the deed, the court, in the same connection, instructed the jury as follows: "And it is a general rule of law, that acts which purport to have been done by public officers, in their official capacity and within the scope of their duty, will be presumed to have been regular and in accordance with their authority until the contrary appears."

By so much of the charge the jury evidently understood the court to inform them, and the court evidently intended them to understand, that they would conclude, in the absence of evidence to the contrary, from the fact that the certificate purported to be the act of a public officer, that he placed such a seal on the paper, in attestation of his act, as the law required.

This was, in effect, a charge that the paper offered in evidence was prima facie evidence that the officer affixed to his certificate the seal required by law.

When a judge instructs a jury that a given fact will be presumed, he must be understood to mean that the fact is to be taken as established; a result which can not be reached, except in those cases in which the presumption is said to be one of law, and therefore conclusive, otherwise than by weighing the evidence and therefrom determining the existence or nonexistence of the fact.

Such a weighing of evidence by a judge and declaration of the result to the jury is clearly a violation of the letter and spirit of the statute which declares, that a judge " shall not charge or comment on the weight of evidence; he shall so frame the charge as to distinctly separate the questions of law from the questions of fact; he shall decide on and instruct the jury as to the law arising on the facts, and shall submit all controverted questions of fact solely to the decision of the jury." Rev. Stats., art. 1317.

When a judge instructs a jury that there is a general rule of law, that on proof of given facts being made, the law presumes the existence of another fact, then he, in effect, instructs the jury to hold the latter fact established if the former exists.

The inference of one fact from the existence of others is for the jury, and not for the court, in all cases in which the fact to be inferred or presumed is to believed or rejected, as the application of reason and common experience to the facts proved may justify.

This involves a weighing of evidence, and that the court in this case may not have made the presumption conclusive does not cure the error; for a charge that given facts are prima facie evidence of another is as much a violation of the spirit of the statute as would be a charge that specific facts proved required another to be conclusively presumed.

It has been frequently held in this State, that a charge which in effect

informed a jury that the law presumes the existence of some fact from the existence of others, is a charge upon the weight of evidence, and therefore improper, unless it be in those cases in which the presumption is said to be one of law, and therefore conclusive, or one of fact required by positive law, but rebutable. Heldt v. Webster, 60 Texas, 209; Biering v. Bank, 69 Texas, 602; Railway v. Robinson, 73 Texas, 284; Veramendi v. Hutchins, 56 Texas, 419, 422; Brown v. State, 23 Texas, 201.

This is understood to be the rule elsewhere. People v. Carrillo, 54 Cal., 63; Stone v. Geyser, etc., Co., 52 Cal., 318; People v. Walden, 51 Cal., 588; Kerkelrath v. Stookes, 63 Ill., 488; Administrator v. Dubill, 19 Mo., 361; Insurance Co. v. Buchanan, 100 Ind., 81; Finch v. Borgers, 89 Ind., 362; Crunquette v. Barada, 28 Mo., 499; Best on Ev., 304; Stark. on Ev., 785; Greenl. on Ev., 44, 48; Thomp. on Trials, 2287, 2290.

It is said that every sane person who has reached years of discretion is presumed to know the law; but it is not meant by this that an inference is to be drawn that such persons do actually know the law of the land in which they live.

The expression is misleading, for there is no inference based on probabilities that any such knowledge exists; but public policy requires that all such persons shall be held to responsibility for their acts, without reference to their knowledge or want of knowledge of the law.

This is the rule of law, and, capacity existing, no inquiry will be made or permitted as to knowledge or want of knowledge; and of this rule it is the province of the judge to inform the jury.

If carnal knowledge of a woman be obtained by "fraud," as defined in article 531, Penal Code, the presumption that consent was not given is made conclusive by the statute. Of this a court may inform the jury.

These are illustrations of what are termed presumptions of law conclusive in their nature.

The Penal Code provides, that "every person accused of an offense shall be presumed to be innocent until his guilt is established to the satisfaction of those whose province it is to try him." Art. 11.

This is really a rule of law as to the burden of proof and the weight of evidence necessary to a conviction; but treated as one fixing inference of fact which a jury must indulge in criminal cases, it furnishes an illustration of a presumption of fact positively fixed by law, but subject to be overcome, of which it would be the duty of a court to inform the jury.

The law further provides, that "the intention to commit an offense is presumed whenever the means used is such as would ordinarily result in the commission of the forbidden act." Penal Code, art. 50.

This is but a presumption of fact, subject to be rebutted; but as it is fixed by positive law, a court would be authorized to inform a jury of

the existence of the presumption, so qualifying the charge as to not make it of conclusive character.

The law provides, that "the jury in all cases are the exclusive judges of the facts proved and of the weight to be given to the testimony, except where it is provided by law that proof of any particular fact is to be taken as either conclusive or presumptive proof of the existence of another fact, or where the law directs that a certain degree of weight is to be attached to a certain species of evidence." Code Crim. Proc., art. 728.

While this statute applies in terms only to criminal procedure, it fairly states the rule applicable to civil cases.

Commenting on this statute, it was said: "The jury are the exclusive judges of the weight to be given to every part of the testimony, whether for or against the prisoner; unless some part of the testimony has an artificial importance given to it by law, as the act of killing, unexplained, raises the presumption of another fact—a malicious intent in the mind of the slayer; or unless a certain degree of weight is attached to a certain species of evidence, as that 'a conviction can not be had upon the testimoney of an accomplice, unless corroborated by other evidence tending to connect the defendant with the offense committed.' It is the duty of the court to instruct the jury upon those legal presumptions, and degrees of weight in particular testimony, constituting exceptions to the general rule; not because they may be in consonance with enlightened reason and experience, but because they are prescribed as rules of law, pertaining to the weight of evidence. So far only is the court required to enlighten the jury upon the weight to be given to the testimony." Brown v. State, 23 Texas, 201.

The presumption referred to in the charge was one of fact not fixed by law, and it is not now necessary to determine whether, under the facts, the maxim on which the proposition contained in the charge was based might have been applied by the judge had he been trying the cause without a jury.

In cases in which the evidence justifies it, a court may instruct, that from facts in evidence, if believed by the jury to be true, they may or not presume the existence of another fact, if in their judgments this be authorized from a careful consideration of all the evidence before them. This would not be objectionable, and sometimes may be proper; but in all cases the existence or nonexistence of the facts the evidence tends to prove, if there be conflict, as well as the existence or nonexistence of the fact to be inferred from other facts, must be left to the determination of the jury.

An instruction should not convey to the minds of the jury an impression that the law or the judge attaches certain weight to particular testimony, except in the instances before referred to.

If the law declares the weight that shall be given to certain evidence,

a court may so inform a jury; but if that may be overthrown by other evidence, then it becomes the duty of the court, if evidence tending to a contrary conclusion be introduced, to leave the whole question of fact to the jury. Pasture Co. v. Preston, 65 Texas, 452.

It has often been held, that after great lapse of time the existence of a power under which a person assumed to act might be presumed, but such a presumption is one of fact.

In Johnson v. Timmons, 50 Texas, 537, such a presumption was said to be one of law, but this we think not strictly correct.

In that case there was no conflicting evidence, and it was held, that the facts proved not only authorized a finding that the power existed, but required an instruction to the jury to presume the existence of the power, there being no conflict in the evidence, notwithstanding the presumption was one of fact.

In Garner v. Lasker, the question was as to the sufficiency of the evidence to authorize the presumption of fact which the judge trying the case without a jury indulged. 71 Texas, 431.

The conclusion reached by the majority of the judges of the Court of Civil Appeals being correct, the judgment of the District Court will be reversed and the cause remanded.

*Reversed and remanded.*

Delivered June 15, 1893.