### JENNINGS et al. v. SOVEREIGN CAMP, W. O. W. (No. 227.)

Court of Civil Appeals of Texas. Eastland. May 6, 1927.

Appellee's Motion for Rehearing Denied July 1, 1927.

**1. Insurance ⟐819(3)—Burden of proving suicide rests on insurer.**

In action on life insurance policy, burden of proving suicide rests on insurer.

**2. Evidence ⟐244(13)—Admitting ex parte unsworn statement of local lodge officers as to cause of death, in action on life insurance policy, held error.**

In action on life insurance policy, defended on ground of suicide, admitting ex parte unsworn statement of officers of local camp of lodge, not shown to have direct actual knowledge of facts, that deceased died from hanging by bailing wire, was error.

**3. Insurance ⟐818(4)—Evidence that insured received life insurance policy about hour before death, held admissible, in action on policy defended on ground of suicide.**

In action on life insurance policy, defended on ground of suicide, evidence that deceased received life insurance policy about hour before death was admissible.

**4. Insurance ⟐818(4)—In action on life insurance policy shown to have been received shortly before death, excluding rebuttal evidence that agent had to persuade deceased to take policy, and that deceased's other policies recently lapsed, was error.**

In action on life insurance policy, defended on ground of suicide, where defendant introduced evidence that deceased received policy about hour before death, excluding rebuttal testimony that it required persuasion by agent to get deceased to take policy and that deceased had one or two other policies which had recently lapsed was error.

**5. Insurance ⟐817(3), 819(4)—Party pleading suicide must prove it, and rule relating to evidence necessary to prove it is same as that relating to establishing any other fact.**

In action on life insurance policy, legal presumption against suicide merely puts burden of proof on party pleading it, and rule relating to evidence necessary to prove it is same as that relating to establishment of any other fact.

**6. Insurance ⟐819(4)—To establish suicide of insured person, only proof by preponderance of evidence is necessary.**

In action on life insurance policy, defended on ground of suicide, evidence need not preclude every other reasonable hypothesis except that of suicide, but proof by preponderance of testimony is sufficient.

**7. Appeal and error ⟐1003—In action on life policy, jury's finding that deceased committed suicide cannot be disturbed on appeal unless against great weight of evidence.**

In action on life insurance policy, jury's finding that deceased committed suicide cannot be disturbed on appeal, unless it was against great weight and preponderance of testimony.

**8. Insurance ⟐819(4)—In action on life insurance policy, evidence held to sustain jury's finding of suicide.**

In action on life insurance policy, evidence *held* to sustain verdict that deceased committed suicide.

**9. Trial ⟐205—Trial court's charging on legal presumptions not expressly defined by statute is improper.**

For trial court to charge on legal presumptions is improper, unless they are expressly defined by statute.

**10. Evidence ⟐86—Legal presumptions are for trial court's guidance.**

Legal presumptions are for guidance of court in application of law.

Appeal from District Court, Eastland County; Elzo Been, Judge.

Action by Hugh Jennings and others against the Sovereign Camp of the Woodmen of the World. From a judgment for defendant, plaintiffs appeal. Reversed and remanded.

Turner, Seaberry & Springer, of Eastland, for appellants.

Owen & Owen, of Eastland, for appellee.

KEY, Special Chief Justice. Appellants as beneficiaries brought suit to recover upon a policy of insurance upon the life of W. R. Jennings. The policy contained a stipulation prohibiting recovery by the beneficiaries in event of suicide, and the appellee pleaded suicide as a defense. Upon trial of the case, the jury resolved the issue of suicide against the beneficiaries under the policy; hence this appeal.

[1, 2] We have reached the conclusion that appellants' first assignment of error must be sustained. This assignment complains of the action of the court in permitting appellee to introduce in evidence a certain report of the local camp of the Woodmen of the World concerning the death of the member, W. R. Jennings. This report is apparently on a regular form containing blanks to be filled in with information relating to the death of a member, and the particular item of this re-

port objected to reads as follows: "The cause of death was 'hanging by bailing wire.'" The only issue raised in this cause, either by the pleadings or the evidence, is whether or not the deceased committed suicide. The burden of proving suicide rested upon the appellee, and it must be assumed that the purpose of offering the report above mentioned was to aid appellee in its burden of proof. The document appears to be an ex parte, unsworn statement of certain officers of the local camp of the lodge, who are not shown to have any direct actual knowledge of the facts set forth in the report, and this character of testimony violates some of the well-known rules of evidence. It is argued by the appellee that the error, if any, is not harmful, because other uncontroverted evidence discloses that plaintiff's death was caused in just the exact manner set forth in this report. No one actually witnessed the death of W. R. Jennings and his body was found suspended from a rafter in a barn by a bailing wire around, or partly around, his neck; the neck being broken. The objectionable testimony above mentioned, to our minds, would furnish the appellee with basis for more argument and the jury with more evidence to consider on the issue, and might, as suggested by appellants, tip the scales in favor of the appellee. We believe that it was introduced for that purpose, and that it is harmful testimony, and should have been excluded.

[3, 4] Also we sustain appellants' assignments of error relating to the exclusion of certain rebuttal testimony offered by appellants. The appellee proved that the deceased had received a life insurance policy through the mails about an hour before his death; this evidence would be permissible as a circumstance tending to establish suicide, as it is reasonable to believe that a man, no matter what the motive impelling the rash act, would be more liable to take his own life knowing that his family will be benefited to some extent by life insurance left by him. In rebuttal to this, appellants offered to prove that it required some persuasion on the part of an agent to get the deceased to take the very policy that was delivered on the morning of the death; and undertook to prove that the deceased had one or two other policies that had recently lapsed. The court erred in refusing to permit the proffered testimony, especially as the record is totally lacking in any motive or reason for deceased taking his own life.

[5-8] Appellants contend that the judgment should be reversed and here rendered in their favor. The argument is advanced that, since the legal presumption is against suicide, a judgment based upon a verdict of suicide cannot stand unless the evidence upon which the verdict is founded is of such character as to exclude every other reasonable hypothesis of death than that of self-destruction. In support of this contention they cite the case of Fort Worth Mutual Benevolent Association v. Jennings (Tex. Civ. App.) 283 S. W. 910. In that case the jury found that the cause of death was not suicide, and this court was asked to reverse the judgment because the verdict was without sufficient supporting evidence. The opinion in the case cited merely holds that, since the evidence was circumstantial, in order to reverse and render the judgment on the insufficiency thereof, the evidence must exclude every other reasonable hypothesis of death than that of suicide. This is but the application of general rule of law, and is not one peculiarly applicable to suicide cases. The legal presumption against suicide merely places the burden of proof upon the party pleading the same, and the rule relating to the evidence necessary to prove suicide is no different from the rule relating to the establishment of any other fact. In order to establish suicide, it is not necessary that the evidence should preclude every other reasonable hypothesis of death than that of suicide. Whether or not a man committed suicide is a fact question, and must be proved by preponderance of the testimony just as any other fact. Since the jury in this case has found that the deceased met his death by suicide, their finding cannot be disturbed by this court unless it was against the great weight and preponderance of the testimony. In our judgment, the testimony in this case amply sustains the verdict of the jury, and we must therefore overrule appellant's contention.

Error is predicated on the following charge, to wit:

"Gentlemen of the jury, you are instructed that, unless you find from the evidence that the death of the deceased, W. R. Jennings, was caused by his own hand or act, voluntarily and intentionally done, there is a legal presumption that the death of the deceased was produced from some accidental cause."

[9] Without any discussion of this charge, and in view of another trial, we deem it best to state that it is improper for the trial court to charge on legal presumptions unless the same are expressly defined by statute. Stooksbury v. Swan, 85 Tex. 565, 22 S. W. 963; Reynolds v. Weinman (Tex. Civ. App.) 33 S. W. 302.

[10] Legal presumptions are for the guidance of the court in the application of the law, and the first case above cited is a very able opinion by that eminent jurist, Judge Stayton, which will serve as a guide to trial courts in reference to charging on presumption.

We have given careful consideration to all of the other errors presented, and believe that the same should be overruled.

For the reasons above indicated, the cause is reversed and remanded for another trial.