## MIAL v. PARKHILL. (No. 9286.)

Court of Civil Appeals of Texas. Galveston. April 29, 1929.

C. S. Williams and Bowers & Bowers, all of Caldwell, for appellant.

R. J. Alexander and W. J. Alexander, both of Caldwell, for appellee.

PLEASANTS, C. J. This suit was brought by appellee against appellant upon a sworn account for the price of cotton poison, alleged to have been sold to appellant by appellee.

The defendant answered by general denial,

and by sworn plea which avers "that he never bought nor received any of the articles of merchandise shown in said account, and that said account is wholly untrue, and denies liability for any part thereof or that he received any part of the merchandise charged therein or promised to pay plaintiff said sum."

The trial in the court below with a jury resulted in a verdict and judgment in favor of plaintiff.

The evidence shows that poison was reserved for one Ed Crabb in response to a telephone request received from him by plaintiff. On the next day defendant and Crabb came to plaintiff's place of business in defendant's wagon and the poison was delivered to them, and plaintiff charged defendant with its price. There was some evidence tending to show that the poison, or at least a part of it, was bought for defendant's account, though he and Crabb both testified that Crabb bought the poison on his own account.

In this state of the evidence, plaintiff was permitted, over defendant's objection, to introduce the testimony of a witness, who qualified as an expert bookkeeper, that upon the evidence before the jury he would have charged the poison to defendant's account.

This testimony was clearly inadmissible. The only issue raised by the evidence was whether the poison was sold to Crabb or the defendant, and this was not a question susceptible of proof by expert testimony. To permit the expert bookkeeper to testify that upon the evidence detailed by him he would have charged the poison to defendant's account was in effect to allow him to give his opinion that the evidence shows that the defendant bought the poison or authorized plaintiff to charge it to his account. This was the exact issue to be decided by the jury, and an expert bookkeeper's opinion on the evidence was no more admissible than that of any other witness. It is hardly necessary to cite authority to sustain the proposition that this character of opinion testimony is not admissible evidence. Some of the many cases announcing the rule are Shelley v. City of Austin, 74 Tex. 608, 12 S. W. 753; Kennedy v. Upshaw, 66 Tex. 442, 1 S. W. 308; Galveston H. & S. A. R. Co. v. Sweeney, 6 Tex. Civ. App. 173, 24 S. W. 947.

The cases of Lloyd v. Silvers (Tex. Civ. App.) 274 S. W. 253, Sullivan & Co. v. Owens (Tex. Civ. App.) 90 S. W. 691, and others cited by appellee, are not in point. These cases discuss the admissibility of evidence of general trade customs and usages and have no bearing upon the question of expert or opinion testimony.

In the state of the evidence disclosed by the record it cannot be held that the admission of the objectionable testimony was harmless.

If other errors are shown, they are not such as will likely occur upon another trial, and appellant's remaining propositions need not be discussed.

For the error indicated the judgment is reversed and the cause remanded.

Reversed and remanded.