BURO v. HOME BENEFIT ASS'N.
No. 882.

Court of Civil Appeals of Texas. Waco.
April 3, 1930.

Rehearing Denied June 12, 1930.

Collins & Martin, of Hillsboro, for appellant.

William C. Morrow, of Hillsboro, for appellee.

BARCUS, J.

This is the second appeal in this case. The former judgment was reversed because of the insufficiency of the testimony to support a finding in favor of appellant. Home Benefit Association v. Buro, 10 S.W.(2d) 188. On the last trial judgment was entered on the finding of the jury against appellant.

The facts are substantially as stated in the former opinion. Briefly summarized, they show that Mrs. Buro, wife of appellant, took a policy of insurance with appellee on October 12th and gave a postdated check, which was paid on October 19th. On October 21st she died as the result of being shot with a pistol. On October 20th some officers went to Mrs. Buro's home in Bosque county with a warrant for her arrest; she having been charged with forging her landlord's name to some checks. She was at the barn when the officers arrived, dressed in her working clothes, and she requested time to go into the house and change her apparel, which was granted. She was a woman about 6 feet tall, and weighed about 250 pounds. After she had been in the house a few minutes, she called to the officers and told them that it would be some time before she would be ready to go. They heard her walking around in the room. Finally everything got quiet and they started toward the house and heard a pistol shot. They rushed to the door and found same locked. They broke into the house and found Mrs. Buro, fully dressed, except her shoes, she having bathed and changed her clothing, lying diagonally across the bed, the pistol with which she had been shot lying on the floor almost directly under her right hand. Her shoes were on the floor under her feet. The only word or expression heard by any one that she uttered after she was shot was "Oh," and one witness stated she asked for water. She was shot about 1:30 in the afternoon. A doctor was summoned, and he arrived about an hour thereafter. Her husband's sister arrived before the doctor, and two other women came about the time or after the doctor arrived. When the doctor came, Mrs. Buro was sitting up in bed. He attempted to get her to talk and to learn from her how the shooting had occurred, but could not get her to say anything and obtained no expression of any kind from her. He was with her about one hour and a half. Her sister-in-law testified that when she went in the room no one else was there, and that she asked Mrs. Buro if she was hurting, and she nodded her head, indicating she was; that she then asked her if she had shot herself intentionally, and she shook her head indicating she had not. None of the other parties around the house at the time heard the questions asked or knew anything with reference thereto. The sister-in-law testified that she told no one about it thereafter except her husband. Mrs. Buro was carried in an ambulance to Hillsboro about 6 o'clock in the afternoon, and was unconscious from the time she reached there until her death the following afternoon. The physician who first examined her, as well as the physician in the hospital, testified that the pistol wound entered from the front and came out in her back, and that the gun had to be almost perpendicular to her body to make the wound; the bullet having gone almost straight through just below the heart. Her dress and flesh where the bullet entered were badly powder burned, showing that the gun was against or very near her body when fired.

The policy of insurance provided that, if the insured committed suicide within one

904

year, the company was not liable. The sole issue therefore for determination was whether Mrs. Buro committed suicide, or whether her death was caused by an accident. The jury found she committed suicide. There is no contention but that she had the gun in her possession at the time the shot was fired which caused her death. There was no one else in the room or about the place except the officers who had come to arrest her.

The trial court instructed the jury that suicide is voluntary and intentional self-destruction, and charged them that the burden of proof was upon the defendant insurance company to establish by a preponderance of the evidence that Mrs. Buro met her death by suicide, and that in determining said question they could consider all the facts and circumstances in evidence.

Appellant contends that the trial court should have given an instructed verdict for him, on the theory that the evidence did not exclude every other reasonable hypothesis other than the fact that Mrs. Buro committed suicide. Clearly, to our mind, the court would not have been authorized to instruct the jury to return a verdict for appellant. The evidence abundantly supports the verdict. The following rule is laid down in 37 C. J. 640: "The defense of suicide need not be established beyond a reasonable doubt, but a preponderance of clear and satisfactory evidence, direct or circumstantial, is sufficient and also necessary to establish the fact of suicide."

Again it is stated in 22 C. J. 95: "The presumption is always against suicide or self destruction on the part of a sane person who came to his death under circumstances not explained. The presumption is, however, rebuttable, and it has been held that a mere preponderance of evidence is sufficient to rebut it."

Appellant further contends that the trial court should have instructed the jury that the burden was on defendant to establish that Mrs. Buro committed suicide, with such preponderance of the evidence as to exclude any reasonable hypothesis of natural or accidental death, and further because the court refused to charge the jury that the law always presumes against suicide on the part of a sane person who comes to his death under circumstances not explained, and further because the court refused to charge the jury that, before they could find she committed suicide, the evidence must be sufficient to exclude any reasonable hypothesis that her death was caused by accident. All of the above propositions relate to practically the same question. We do not think the court was in error in refusing to give the special instructions, or either of them, requested by appellant. They amounted to a charge on legal presumptions. Almost an identical charge was requested in Jennings v. Sovereign

Camp, W. O. W. (Tex. Civ. App.) 296 S. W. 961, 962, and the court held same should not be given, and stated: "Without any discussion of this charge, and in view of another trial, we deem it best to state that it is improper for the trial court to charge on legal presumptions unless the same are expressly defined by statute. Stooksbury v. Swan, 85 Tex. 565, 22 S. W. 963; Reynolds v. Weinman (Tex. Civ. App.) 33 S. W. 302."

Appellant further complains of the argument of counsel for appellee. We have examined these assignments, and, under the facts of the case, we do not think same show any reversible error. El Paso Electric Co. v. Collins (Tex. Civ. App.) 10 S.W.(2d) 397, reversed on other grounds (Tex. Com. App.) 23 S.W.(2d) 295, in which opinion said court specifically held that the Court of Civil Appeals was not in error in refusing to reverse the case because of the argument of counsel.

We have carefully examined all of appellant's assignments of error, and same are overruled. The judgment of the trial court is affirmed.

On Rehearing.

In his most able motion for rehearing, appellant vigorously insists that we were in error in affirming the judgment of the trial court. Appellant contends that the trial court should have specifically instructed the jury, in effect, that the burden was upon appellee (defendant) to prove that the insured committed suicide with such a preponderance of evidence as to exclude any reasonable hypothesis of a natural or accidental death, and further that, since suicide was sought to be established by circumstantial evidence, the court should have charged the jury that the evidence and circumstances introduced to be sufficient to establish said fact must exclude any reasonable hypothesis that she met her death by natural or accidental or any other cause than that of suicide. We think the courts of this state have many times, and correctly, held against this contention of appellant. Wylie v. Posey, 71 Tex. 34, 9 S. W. 87, 90; Denham v. Trinity County Lumber Co., 73 Tex. 78, 11 S. W. 151, 152; Jennings v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 296 S. W. 961, 962; Woodmen of the World v. Alexander (Tex. Civ. App.) 239 S. W. 343; Travelers' Protective Ass'n v. Roth (Tex. Civ. App.) 108 S. W. 1039, 1043; Moore v. Scott (Tex. Civ. App.) 16 S.W.(2d) 1100, 1109, pars. 6, 7; Masterson v. Harris County Houston Ship Channel Nav. Dist. (Tex. Com. App.) 15 S.W.(2d) 1011.

In Wylie v. Posey, supra, the Supreme Court quoted, with approval, this language: "The law does not attempt to tell the juror what amount or kind of evidence ought to produce belief in his mind. * * * To do so—to try to give a specific meaning to the word 'reasonable'—is, in the words of Sir

Fitz James Stephens, trying to count what is not number, and measure what is not space."

In Denham v. Trinity County Lumber Co., supra, the Supreme Court used this language: "The charge itself is incorrect, inasmuch as it informs the jury that certain facts, if proved, constitute contributory negligence, instead of leaving that question for them to determine according to the very facts of this case."

In Jennings v. Sovereign Camp, W. O. W., supra, the court stated: "The legal presumption against suicide merely places the burden of proof upon the party pleading the same, and the rule relating to the evidence necessary to prove suicide is no different from the rule relating to the establishment of any other fact. In order to establish suicide, it is not necessary that the evidence should preclude every other reasonable hypothesis of death than that of suicide. Whether or not a man committed suicide is a fact question, and must be proved by preponderance of the testimony just as any other fact." In Travelers' Protective Association v. Roth, supra, the court used this language: "Appellant insists that the evidence relied upon to prove that Roth died as a result of an injury to his head caused by his fall on the ice is circumstantial, and that in such a case the evidentiary facts to show that his death was so caused must be of such a nature and so related to each other as to not fairly and reasonably permit any other conclusion than that his death was so caused to be drawn from them. It therefore contends that the court erred in instructing the jury that they should find for appellee if they believed from a preponderance of the evidence that the fall on the ice alone caused Roth's death. * * * The weight of authority is that in all civil cases a mere preponderance of the evidence is sufficient."

▉▉ Where a cause is submitted on special issues, the court is not authorized to give a general charge. The rule seems to be well established in this state that, where a party relies upon circumstantial evidence to establish his cause of action, or his defense, it is only necessary that said fact be established to the satisfaction of the jury by a preponderance of the evidence, whether same be circumstantial or otherwise.

▉▉ Appellant contends that the trial court should have specifically charged the jury that there is a presumption of law against a person committing suicide. We do not agree with this contention. Our courts uniformly hold that the trial judge should not charge on the weight of the evidence, neither should he charge upon legal presumptions unless the same are expressly defined by statute. There are many issues of fact that are presumed, such as a witness is presumed to tell the truth, or that a letter mailed, properly stamped and addressed, is presumed to reach its destination, or that a judgment rendered by a court of competent jurisdiction is valid, or that a person who dies suddenly did not commit suicide. Presumptions, however, always vanish when facts are given which destroy the presumption. Stooksbury v. Swan, 85 Tex. 565, 22 S. W. 963, 966; Jennings v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 296 S. W. 961; Black v. Continental Casualty Co. (Tex. Civ. App.) 19 S.W.(2d) 69, 71; Moore v. Scott (Tex. Civ. App.) 16 S.W.(2d) 1109, par. 7; Reynolds v. Weinman (Tex. Civ. App.) 33 S. W. 302; Sharpleigh & Co. v. Cooper, 1 White & W. Civ. Cas. Ct. App. § 55; Mutual Life Insurance Co. v. Tillman, 84 Tex. 31, 19 S. W. 294, 296; Langford v. El Paso Baking Co. (Tex. Civ. App.) 1 S.W.(2d) 479, par. 4; American Central Ins. Co. v. Heath, 29 Tex. Civ. App. 445, 69 S. W. 235, 236; Largen v. State, 76 Tex. 323, 13 S. W. 161.

In Stooksbury v. Swan, supra, Judge Stayton used this language: "When a judge instructs a jury that a given fact will be presumed he must be understood to mean that the fact is to be taken as established—a result which cannot be reached except in those cases in which the presumption is said to be one of law, and therefore conclusive, otherwise than by weighing the evidence, and therefore determining the existence or nonexistence of the fact. Such a weighing of evidence by a judge, and declaration of the result to the jury, are clearly a violation of the letter and spirit of the statute. * * * It has been frequently held in this state that a charge which, in effect, informed the jury that the law presumes the existence of some fact from the existence of others, is a charge upon the weight of evidence, and therefore improper, unless it be in those cases in which the presumption is said to be one of law, and therefore conclusive, or one of fact, required by positive law, but rebuttable"—citing a large number of authorities.

In Black v. Continental Casualty Co., supra, a case in which the insurance company was seeking to defeat a recovery by reason of the insured having committed suicide, the plaintiff requested the court to instruct the jury as follows: "You are further instructed, if you find from the evidence, that the insured Elzie Burleson, came to his death by external and violent means, then the presumption of law is that he met his death by accidental means."

The appellate court held that said charge should not have been given, and stated: "A similar requested charge, in almost identical language, was expressly condemned in Jennings v. Sovereign Camp, W. O. W. (Tex. Civ. App.) 296 S. W. 961."

In Mutual Life Insurance Co. v. Tillman, supra, the Supreme Court used this language:

"The death of Goslin, indisputably due to an overdose of morphine or opium self-administered, must be explained on the theory of accident or of intentional suicide. It is true that the presumption of law attaches to the former theory, but this presumption cannot prevail against evidence to the contrary."

In American Central Ins. Co. v. Heath, supra, the court used this language: "Presumptions [of suicide] disappear when confronted with facts."

We have carefully examined the entire record in the light of appellant's motion for rehearing, and we find no reason for reversing the judgment of the trial court.

Appellant's motion for rehearing is overruled.