**FIRST CONTINENTAL LIFE AND ACCIDENT INSURANCE COMPANY, Appellant,**

**v.**

**E.E. HANNER, Administrator of the Estate of Jerry S. Lyles, Deceased, Appellee.**

No. 09 82 073 CV.

Court of Appeals of Texas, Beaumont.

Sept. 8, 1983.

Frank R. Jelinek, Arlington, for appellant.

W.D. Perkins, Lufkin, for appellee.

OPINION

DIES, Chief Justice.

E.E. Hanner, Administrator of the Estate of Jerry S. Lyles, Deceased, as plaintiff

below, sued First Continental Life and Accident Insurance Company, as defendant below, on a policy of credit life insurance. Defendant contended Lyles' death was the result of suicide, excluded under the policy. Trial was to a jury which found in favor of plaintiff, from which defendant perfects this appeal to this Court. The parties will be referred to herein as they were below or by name.

Defendant's first four points of error are grouped together in its brief and will be so dealt with herein. They urge no or insufficient evidence to support any finding other than that Lyles took his own life. We pass on these points under the guidance of *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965), and *In re Kings's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

Lyles, a welder, was driving home from California on January 24, 1980, when he died from internal bleeding as a result of a gunshot wound in New Mexico. At the time, he was driving a truck pulling a mobile home. He was being pursued by the highway patrol for a traffic violation shortly before his death. There were no witnesses to the death. The director of the medical team which investigated his death—qualified as an expert witness—gave his opinion that Lyles died as a result of an intentional act. The gunshot wound of Lyles was in the chest and made in direct contact with his body.

■ In Texas, there is a presumption against suicide on the part of any person who meets his death under circumstances not explained. *Home Benefit Ass'n v. Briggs,* 61 S.W.2d 867, 869 (Tex.Civ.App.—Waco 1933, no writ), and authorities cited therein, *Buro v. Home Benefit Ass'n,* 28 S.W.2d 902 (Tex.Civ.App.—Waco 1930, writ dism'd).

Defendant urges it has overcome this presumption which, like a stack of cards, falls when confronted by evidence. See *Jennings v. Sovereign Camp, W.O.W.,* 296 S.W. 961 (Tex.Civ.App.—Eastland 1927, no writ); *American Cent. Ins. Co. v. Heath,* 29 Tex. Civ.App. 445, 69 S.W. 235 (1902, no writ);

and JONES ON EVIDENCE, § 32 (2nd ed) (as quoted in defendant's brief).

■ However, "[i]t is trite learning that the weight and probative force of evidence is entirely for the jury. . . . Likewise, the jury is the exclusive judge of the credibility of witnesses and the weight to be attached to their testimony." 1 R. RAY, TEXAS LAW OF EVIDENCE CIVIL AND CRIMINAL § 3 (Texas Practice 3d ed. 1980). And this includes "expert" testimony as well. *Callan v. Bartlett Electric Cooperative,* 423 S.W.2d 149 (Tex.Civ.App.—Austin 1968, writ ref'd n.r.e.); *American General Insurance Company v. Barrett,* 300 S.W.2d 358 (Tex.Civ.App.—Texarkana 1957, writ ref'd n.r.e.); and *Texas Employers' Insurance Ass'n v. Champaigne,* 288 S.W.2d 306 (Tex.Civ.App.—Beaumont 1956, no writ). So in the case at bar, the jury was free to reject the testimony of the assistant medical investigator, Mr. Capron. Defendant urges there was no other. No doubt the jury believed it odd for the deceased to have committed suicide at the time and place he did. There is no testimony to indicate he was leaning towards this action, and some that he was a rather normal man. He was driving his truck, towing a mobile home to Texas. He probably knew he was being tailed by a highway patrolman, and the jury could reasonably assume that while trying to hide his pistol from the officer, he somehow discharged it. These points of error are overruled.

Point of error number five has been answered by the above, and it is overruled.

Point of error number six states:

"The District Court erred in submitting the instruction to Special Issue No. 1, wherein the Court instructed the jury, 'You are further instructed in Texas a presumption exists against an individual taking his or her own life' . . . ."

The Court went on to instruct: "However, this presumption may be overcome by testimony admitted into court." This is no more than the law in Texas as held by the authorities set forth herein. We find no harmful error in the instruction. This point of error is overruled.

■ Defendant's final point of error follows:

"The ... Court erred in excluding certain portions of Defendant's Exhibit No. 1 being the certified death certificate of Jerry S. Lyles as to those words relating to 'suicide', or the phrase, 'shot self with gun' ...."

*Aetna Life Insurance Company v. McLaughlin,* 370 S.W.2d 229, 236 Tex.Civ. App.—Houston 1963), rev'd on other grounds, 380 S.W.2d 101 (Tex.1964), and *Tex.Rev.Civ.Stat.Ann. art. 4477, Rule 54a* (Vernon Supp.1982–1983), indicate that the portions of the exhibit excluded by the Court should have been received in evidence. However, since the expert witness and the highway patrolman gave the same testimony as that presented in defendant's exhibit No. 1, we cannot perceive how the court's action could be harmful error. *Tex. R.Civ.P. 434.* This point of error is overruled.

The judgment of the trial court is affirmed.

Affirmed.