H. S. DENHAM v. THE TRINITY COUNTY LUMBER COMPANY.

No. 2629.

1. **Practice—Charge of Court.**—The rule which forbids a judge to charge upon the weight of evidence does not preclude him from assuming as true by the language used in his charge a fact clearly established and in regard to which there is no conflict in the evidence. He should not assume as doubtful that which is clear and indisputable, or state a hypothesis at variance with an established fact. It is only where there is a doubt arising from the evidence that the jury is required to weigh the testimony, and it is only where such doubt may exist that the rule which forbids a judge to charge upon the weight of evidence has application.

2. **Negligence—Charge of Court.**—It is error to charge the jury that a state of facts set forth in the charge constitute contributory negligence. The law defining contributory negligence should be given in charge, leaving the jury free to determine whether such negligence existed, from a consideration of the facts in evidence before them.

3. **Negligence—Evidence.**—One who is in the employ of the owner of defective machinery, though not connected with its operation, who in pursuance of his duties as employe is at the place where the machinery is being operated and while there is injured by the negligence of his employer who is operating defective machinery, the defect being known to such employer or capable of being ascertained by the use of ordinary diligence, may recover damages for such injury if he has not by his own act contributed to it. There is no rule of law that requires such an employe when he has gone to where the machinery is operated to make an inquiry on a subject connected with his employment and which properly took him to that place, to confine himself strictly to that subject and to the very place to which the immediate purpose of his visit would take him. Evidence relating to such matters in a suit to recover damages for injury inflicted by defective machinery is not calculated to promote a correct result.

4. **Charge of Court.**—A charge of the court upon an issue which does not arise in it, or which submits an issue established clearly by the evidence, is error.

Error from Trinity.    Tried below before Hon. Norman G. Kittrell. The opinion states the case.

*D. A. Nunn,* for plaintiff in error.—1.    It is the rule of practice well sustained by the decisions of this court that the trial judge shall confine his instructions to the jury to the issues involved in the pleadings and upon which there is evidence adduced on the trial.

2.    It is reversible error for the judge to charge upon abstract questions of law or to assume that issues exist when there is no evidence to warrant the same.

3.    A charge upon issues not warranted by the evidence is misleading and well calculated to impress the jury with erroneous ideas as to the existence of such evidence.    Lee v. Yandell, 69 Texas, 35; Blanton v. Mayes, 58 Texas, 422; H. & T. C. Ry. Co. v. Rider, 62 Texas, 267; Austin v. Talk, 20 Texas, 164; Loving v. Dixon 56 Texas, 75; Cook v. Dennis, 61 Texas, 346; Andrews v. Smithwick, 20 Texas, 111; Hudson v. Morriss, 55 Texas, 610; Williams v. Conger, 49 Texas, 582; Yarborough v. Tate, 14 Texas, 483.

The court erred further in the following charge: "If Denham contracted to cut logs for defendant's mill according to such directions as he might receive, and he received directions to cut logs of a certain length, and in pursuance of his contract undertook so to do and to make the necessary allowances in so cutting, but failed to correctly cut logs according to directions, and that by reason of his failure so to do he had to go to the mill to correct this error and remedy the same, and that but for such error and failure on his part his presence would not have been required at the mill at the time of the accident, then his presence there was contributory negligence, and if you so find the facts to be you will find for the defendant, whether the machinery was defective or the defendant was guilty of contributory negligence or not."    Because this charge diverts the attention of the jury from the true issues of the case, and submits again and in another form an issue on the hypothesis that plaintiff went to the mill at instance of Butler concerning the alleged improper length of a log, and submitted to the jury whether such log was improper length, when there is not one particle of evidence to support such a charge or to raise such an issue in any aspect whatever, and such charge so often repeated was well calculated to mislead the jury.    *  *  *    The charge of the court shows a total misconception of the facts proved, and is in utter disregard of the issues thereby presented, and was well calculated to misguide the jury into rendering an erroneous verdict.    Lee v. Yandell, 69 Texas, 35; Blanton v. Mayes, 58 Texas, 422; H. & T. C. Ry. Co. v. Rider, 62 Texas, 267; Austin v. Talk, 20 Texas, 164; Yarborough v. Tate, 14 Texas, 483; Loving v. Dixon, 56 Texas, 75; Cook v. Dennis,

61 Texas, 346; Andrews v. Smithwick, 20 Texas, 111; Hudson v. Morriss, 55 Texas, 610; Williams v. Conger, 49 Texas, 582.

*Robb & Stevenson* and *J. R. Burnett*, for defendant in error. — 1. The plaintiff was not an employe; he hired and controlled his own hands; had no duties to perform at the mill, and defendant owed him no duty with respect to its machinery.   1 Shearm. & Redf. on Neg., secs. 8, 165.

2.   There was no occasion for plaintiff's visit to the mill to see if the log was defective, as Mr. Sloan was to let him know; but if he was rightfully at the mill for this purpose, as he claims, the information wanted required but a short time and did not justify his remaining an unreasonable time.   But for plaintiff's returning after his pole and slicker he would not have been hurt; and again, but for his going up to Platt at the saw and pointing out some supposed defect in the belt he would not have been hurt.   He certainly was not engaged in the line of his duty, but stood in the same relation to defendant as a visitor, and can not recover. Belford v. Shipping Co., 35 Hun, 347; Wright v. Rawson, 52 Iowa, 329.

3.   Even conceding that plaintiff was an employe, the burden was on him to establish (1) that the idler was defective as alleged; (2) that defendant had or ought to have had knowledge thereof; and (3) that plaintiff did not know of the defect and had not equal means of knowing with defendant.   Wood's Master and Servant, sec. 414.   We believe there is no evidence of any defect in the idler, except as it may be inferred from the happening of the accident, and this is insufficient.   Wood's Master and Servant, secs. 362, 382.   An employer is not bound to provide against any possible accident that can happen, the probability of which is not suspected by the employer or employe.   Sjogren v. Hall, 53 Mich., 274; Richards v. Rough, 53 Mich., 212; Rogers v. Hand, 14 Atl. Rep., 767; Case v. Railroad Co., 21 N. W. Rep., 30; Hobbs v. Stauer, 22 N. W. Rep., 153; Baldwin v. Railroad Co., 25 N. W. Rep., 918.

4.   If plaintiff was an employe and the defect, if any, was obvious he is chargeable with knowledge thereof.   If he knew that the timbers were insecurely fastened he must have known the danger, and can not recover. Railroad Co. v. Drew, 59 Texas, 10; Brown v. Brown, 71 Texas, 355; 1 Shearm. & Redf. on Neg., secs. 184, 185, 208.

HENRY, ASSOCIATE JUSTICE. — Plaintiff's petition charges that the defendant company was engaged in operating a steam saw mill; that he was an employe of the company, and being near the machinery of the mill was seriously injured by a blow from a portion of the machinery becoming detached and being hurled with great force upon his head and body, and that the machinery was defective, as was well known to defendant.   No exceptions to plaintiff's pleadings were acted upon by the court below.

The defendant by its answer denied that plaintiff was in its employment or rightfully at its mill when injured.    It denied that its machinery was defective, and averred that if it was the defect was hidden and could not be discovered by it by the use of great diligence.    There is no controversy about the facts so far as the record discloses.

It appears that one Sloan was the president and manager of the defendant company.    One Saunders had contracted with the company to furnish it with saw-logs.    With the consent of Sloan plaintiff became interested in the contract in one respect.    He undertook to cut down the trees and saw them into logs in the woods, for which he was to receive a certain part of the price agreed to be paid Saunders for the entire contract.    Sloan advanced plaintiff money as he required it in the performance of his part of the contract and gave him orders about carrying it out.

On the day plaintiff was hurt Sloan gave him an order to be immediately filled and assisted him to select the trees to be cut.    During the evening Sloan sent word to plaintiff that he feared one of the trees would not answer his purpose, about which he would know later and would inform him.    Later in the evening, not having heard from Sloan, plaintiff was moving his choppers to another place and went to the mill to inquire of him whether another tree would be wanted, and if so whether he could have it cut at the place his hands had gone to.    Arrived at the mill, he found Sloan and one Butler who was "boss of the machinery and mill, and who when Sloan was not present directed the hands as to cutting and general work."    Butler immediately spoke, complaining to plaintiff that he had cut a log too long.    Plaintiff proposed to measure it, and with the help of Sloan and Butler rolled it on the carriage and proved it was right.    He then learned from Sloan that the other bill was right, and started to leave, but turned back to get "his measuring pole and slicker" which he had laid down while helping to roll the log on the carriage and forgotten.    When he went back he noticed something about the machinery that particularly attracted his attention, but what it was he can not now recall, and he stepped a few feet to speak to the manager of the carriage about it when he was stricken senseless by a piece of timber that dropped from the idler on to the belt and was hurled with great violence against his head and body.

The *idler* was a square frame of timber, weighing several hundred pounds.    The ends of the pieces of wood were originally mortised into each other and fastened with rods and bolts.    It worked up and down in grooves and rested on the band that moved the machinery.    Its use was to take up the slack of the belt, and it was in constant motion when the machinery was running.    The idler got somewhat out of repair sometime before plaintiff was hurt, by reason of the bolts becoming loose, and to strengthen it two peices of scantling were put diagonally across

it and fastened at the four corners with twenty-penny spikes. At the time of the accident nothing occurred to break the idler. It was one of the timbers nailed to the idler that struck plaintiff.

It was in proof that the machinery of defendant's mill had capacity to cut 35,000 feet of lumber per day, and a witness of experience testified that his opinion was that the "*idler*" of a mill of that capacity would not be safe if it depended altogether on spikes for holding its timbers, because of its constant motion; that the timbers to be safe should be well fastened with rods and bolts.

The errors assigned relate to the charges of the court principally and on the grounds that they are hypothetical, misleading, and confusing.

In the case of Wintz v. Morrison Justice Wheeler says: "Where there is no conflict in the testimony, and no room to doubt. or hesitate as to a matter of fact in issue, the judge in his charge ought not to assume that it is or may be doubtful. Such a course is calculated either to confound the jury, by causing them to doubt the justice of their own clear convictions, or to mislead by inducing them to suppose they may find the fact either way, when the evidence warrants but one conclusion, and to find contrariwise would be to find manifestly against the evidence. The rule which forbids the judge to charge upon the weight of evidence does not require or authorize him to assume as doubtful that which is clear and indisputable, or to assume hypotheses at variance with the certain fact. Where the evidence to a fact is positive and not disputed or questioned, it is to be taken as an established fact, and the charge of the court should proceed on that basis. It is only where there is doubt. that the jury is required to weigh the evidence, and it is then only that the rule applies that the court shall not charge upon the weight of evidence. It is not the meaning of the rule that the judge shall ignore the indisputable facts of the case, or distrust the evidence of his senses, or that he shall assume that the jury may doubt where there is no room for doubt, or find contrary to the evidence and manifest truth and justice of the case."

Among others objected to in this case the following charges are copied into the assignment of errors:

"The plaintiff alleges and is required to satisfy you by a preponderance of the evidence that he was at the time of the accident an employe of the defendant company, and unless he was, under the facts and circumstances in evidence in contemplation of law an employe of the defendant, he can not recover and you will find for the defendant, whether plaintiff was injured or not, and whether the defendant was guilty of negligence or not, and whether or not he was an employe.

"If the plaintiff Denham was at the mill when the injury was inflicted only because one Butler, a coemploye and fellow servant of his (if you find Butler was such fellow servant), had requested or ordered him to come there, and that he was not required or obliged by the nature

·of his duties and of his contract and of Butler's authority to go there
·or to obey Butler, and while there he aided at Butler's request or of his,
Denham's, own motion in handling certain timbers, and that such work
was not required by the obligation of his contract and did not devolve
upon him in the performance thereof, then such order or request of But-
ler or such voluntary aid or work given or done by plaintiff did not con-
;stitute plaintiff at the time an employe of defendant nor authorize or
justify his presence at the mill, and his presence there was contributory
negligence.

"If Denham contracted to cut logs for defendant's mill according to
;such directions as he might receive, and he received directions to cut
logs of a certain length, and in pursuance of his contract undertook so
to do and to make the necessary allowances in so cutting, but failed to
correctly cut logs according to directions, and that by reason of his fail-
ure so to do he had to go to the mill to correct this error and remedy the
·same, and that but for such error and failure on his part his presence
would not have been required at the mill at the time of the accident, then
his presence there was contributory negligence, and if you so find the
facts to be you will find for the defendant, whether the machinery was
defective or the defendant was guilty of contributory negligence or not.

"If the plaintiff did some act he ought not to have done, or omitted
to do some act he ought to have done, such as an ordinary prudent man
would not have done or would not have omitted to do, and but for which
act of doing or not doing the injury would not have occurred, then such
·conduct, if you so find, was contributory negligence on the part of
plaintiff and he can not recover, whether the machinery was defective or
not, or whatever may have been the extent of his injuries, and if you so
find the facts to be you will find for the defendant and inquire no further."

These charges are objectionable on two grounds: In the first place
there is no evidence whatever raising the issue of contributory negligence
on the part of plaintiff, and if there was such an issue the charge itself
is incorrect inasmuch as it informs the jury that certain facts if proved
constitute contributory negligence instead of leaving that question for
them to determine according to the very facts of this case.

The plaintiff has a good cause of action if he in the pursuance of his
duties as an employe was at defendant's mill and if while there without
contributory negligence upon his part he was injured by the negligence
of the defendant operating through its defective machinery, the defect
being known to it or capable of being ascertained by the use of ordinary
diligence. If all of these elements or others are presented in the devel-
opment of the case they ought to be charged upon. If any of them are
not developed a charge on such issue is not required or useful.

We know of no rule of law that would require plaintiff when he had
gone to the mill to make an inquiry on any subject connected with his

employment and properly taking time there to confine himself strictly to that subject and to the very place that the immediate purpose of his visit would take him. We do not think that these things enter into the merits of the cause and their introduction is not calculated to promote a correct result.

The class of suits to which the one now being considered belongs involves many issues, often intricate, obscure, and difficult. It will scarcely ever happen that any one suit will involve all of such issues or even that there will be conflicting evidence on every issue that is involved.

A charge that imports into any case an issue that does not belong to it at all or that submits to the jury an issue established by unconflicting evidence, can never do any good, but always may and usually will do harm. The evil is intensified in cases belonging to this class when the issues possible to any case are charged upon in every one.

We do not deem it necessary to notice all the objections to the charge presented by appellant's assignment of errors. If the case had called for it there is much to commend in the care and skill with which it is drawn as well as in its enunciation of legal propositions.

We find nothing, however, in the case as shown by the record to require or justify a charge upon the law of fellow servant, or upon the hypothesis that plaintiff's presence at the mill was induced by either an order or request from Butler, or the hypothesis that he had cut any log too short, or if he had done so that that was the cause of his being at the mill.

We find but one version of the facts and no conflicting evidence with regard to plaintiff being in the employment and under the direction of the defendant, so as to make his presence at the mill proper and entitle him while there to protection from injury caused by the negligent construction of defendant's machinery. We find nothing in his conduct or movements while there, nor in the fact of his remaining something longer than the purpose of his visit required, to call for a charge upon the law of contributory negligence.

We think that the case disclosed by the record required a charge recognizing that he was in the employment of the defendant and properly at its mill, and submitting to the jury the question as to whether the *idler* was defective and whether such defect was known or could have been known to defendant by the use of ordinary diligence, and whether plaintiff's injuries resulted from negligence of the defendant. Such charges will be proper as present these issues or such others as on a subsequent trial the pleadings and the evidence may develop.

However improper they may be it is not every hypothetical charge, or charge submitting as a question to be decided by the jury an issue proved by the evidence on one side and uncontroverted by the other, that will lead to a reversal of the case. It is only when the error of submitting such charges is deemed material that such result will follow.

Such charges are liable to be treated as material not only when they evidently lead to an erroneous result, but equally when their tendency is to obscure or complicate the real issues or embarrass the jury with the consideration of questions not in the case and which as presented may have the effect of diverting their attention from the real questions of the case.

We think the charge in this case is of that objectionable character. The cause is reversed and remanded.

*Reversed and remanded.*

Delivered February 19, 1889.