## PULLMAN CO. v. GULF, C. & S. F. RY. CO.
### (No. 215–3330.)

(Commission of Appeals of Texas, Section B.
June 8, 1921.)

**1. Trial ⬥141—Charge, submitting undisput-·ed question, properly refused.**

A requested charge, submitting an undisputed question, is properly refused.

**2. Trial ⬥261—No error to refuse a charge in part incorrect.**

It is not error to refuse a requested charge in part incorrect; the court not being required to separate the proper from the improper, and give a modified charge.

**3. Appeal and error ⬥1082(2)—Holding of intermediate court not questioned by petition for error is not reviewable.**

The holding of the Court of Civil Appeals that the giving of a charge was error, not having been called in question in the application for writ of error to that court, is not before the Commission of Appeals for review.

**4. Appeal and error ⬥1068(3)—No reversal for erroneous instruction, where judgment was the only one proper under the evidence.**

Judgment will not be reversed for erroneous instruction where under the evidence no other judgment than that rendered could properly be rendered.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by John B. Scripture against the Gulf, Colorado & Sante Fé Railway Company and the Pullman Company, with cross-action by the Railway Company against the Pullman Company. The Court of Civil Appeals affirmed judgment for plaintiff against the Railway Company, but reversed the judgment for the Pullman Company as between it and the Railway Company (210 S. W. 269), and the Pullman Company brings error. Judgment of Court of Civil Appeals reversed, and judgment of district court affirmed.

Etheridge, McCormick & Bromberg, of Dallas, for plaintiff in error.

Lee, Lomax & Smith, of Fort Worth, and Terry, Cavin & Mills, of Galveston, for defendant in error.

KITTRELL,·J. While the controversy in this case as it is presented to us is between the two companies, the names of which appear in the title of the case, it was not an original action as between them. In the action out of which the case arose one Scripture was the original plaintiff, and the parties to this action were both defendants. Scripture was a passenger in a Pullman Company car attached to a train of the railroad company, and in stepping from the train to a box in alighting was injured. He made both corporations defendants, but before the trial actually began dismissed his action as to the Pullman Company. The railroad company had, however, made the Pullman Company a defendant by cross-action, praying that, in event of any recovery by plaintiff against it, it have judgment over against the Pullman Company for a like amount. There was a contract between the two corporations, the interpretation of which was to a large extent a controlling feature of

the litigation; at least in the Court of Civil Appeals. In the district court of Denton county, in which county the injury occurred, plaintiff recovered a substantial verdict against the railway company, but a verdict was returned against the railway company on its cross-action against the Pullman Company. The Court of Civil Appeals of the Second District affirmed the judgment as to the railway company, but reversed it as between the two corporations (Gulf, C. & S. F. R. Co. v. Scripture, 210 S. W. 269). Both corporations applied for a rehearing, which was denied both. Writ of error was refused the railway company as between it and the plaintiff Scripture. The Pullman Company obtained writ of error on the ground that the Court of Civil Appeals erred in holding that the trial court erred in refusing the special charge asked by the railway company; its contention being that it was undisputed that the vestibule of the Pullman Coach was brilliantly lighted, all the witnesses so testifying, and the railway company so admitting in definite positive terms in its brief in the Court of Civil Appeals.

The ground of action set up by the plaintiff are correctly stated by the Court of Civil Appeals, as follows:

"Plaintiff charged negligence on the part of both defendants in failing to give him a reasonable opportunity to alight safely from said car; in failing to have sufficient light on the platform of said car; in failing to stop the train at Krum a sufficient length of time to enable plaintiff to safely disembark; in failing to have sufficient light on the ground or platform upon which plaintiff landed; in failing to assist plaintiff to alight; in failing to place the box upon which plaintiff was to step securely fixed on the ground; in failing to have the ground where the box was placed reasonably level and smooth, so that the box placed thereon would not overturn, etc."

The answer of the railway company to the allegations of the plaintiff consisted only of a general denial, and allegation of contributory negligence on the part of plaintiff, on three grounds, not necessary to set forth.

This statement is necessary in view of the contention of the parties before us as to the requested charge as to the light in the vestibule, and of the admission made by the railway company with reference thereto.

The allegations of the cross-action by the railway company were as correctly stated by the Court of Civil Appeals as follows:

"The defendant railway company pleaded that there was a contract existing between it and the Pullman Company by virtue of which the Pullman Company was to provide its own employees and servants for the collection of fares charged for the sleeper, and for the services of receiving and discharging passengers from said cars, and that by the terms of said contract the Pullman Company had agreed to indemnify and save harmless the railway company against all liability and claims for injuries to persons arising from the acts or omissions, whether negligent or wrongful or otherwise, of the employees of the Pullman Company in the line of their employment. It further alleged that, if it were true that plaintiff sustained the injuries alleged by him as the result of the failure to afford him a reasonable opportunity to safely alight from said sleeping car and train at Krum, or because of insufficient light on the platform or at the place he attempted to get off the car, or because a sufficient time was not allowed him to alight from the car, etc., said acts of negligence, if any, were the acts of the Pullman Company's employees."

The only assignments of error of the railway company which the Court of Civil Appeals discussed, and on which it based its holdings, were the fifteenth and sixteenth.

The first of these assignments was directed against the thirteenth paragraph of the charge of the court, which reads as follows:

"Now, if you believe from the evidence that the plaintiff was injured, and you further believe that his injuries were proximately caused by the negligent failure, if any, of the Pullman employees to assist him in disembarking from said train or in improperly placing the footstool for him to step upon, if you believe that it was improperly placed, or if you believe that his injuries were proximately caused by failure, if any, of the Pullman porter to notify the employees of the railroad of the presence of the plaintiff at said place wishing to disembark from said train, and you find this failure of said porter, if he did so fail, to be negligence, that is, a failure to use a high degree of care, and you find that these acts of negligence, if any, were the proximate cause of his injuries, if any, and that he would not have been injured but for said acts, then the railroad company would be entitled to a judgment over against the Pullman Company for whatever sum, if any, you find in favor of the plaintiff against the railway company."

The railway company made the giving of this charge the sixteenth ground of its amended motion for a new trial, it being given in that part of the court's general charge, which he stated applied to the controversy between the two corporations, and made its giving, as has been said, its fifteenth assignment of error in its brief.

It also specifically objected in writing and saved bill of exceptions to the giving of said paragraph 13, on the ground that the charge required it to show that the act of the Pullman employees which contributed to the injury was a negligent act, whereas, by the terms of the contract between it and the Pullman Company, it was entitled to indemnity whether the act of the porter was negligent or not.

The sixteenth assignment of error of the railway company was based upon the refusal of the trial court to give the following special charge No. 3, requested by it, which,

omitting certain preliminary and explanatory recitals, not necessary to be set forth, was as follows:

"Now, therefore, if you believe that plaintiff was injured, but that such injury was due to and proximately caused by the failure, if any, of the Pullman Company's porter to properly and safely place the foot box, or the failure, if any, of the Pullman Company to furnish sufficient light in the vestibule of its sleeping car from which plaintiff was alighting, or failure, if any, of the said Pullman Company's employees in charge of such car to stop or request the stopping of defendant's train until plaintiff could alight therefrom; and if you further believe that the omissions, if any, of said Pullman Company employees in the respects here stated were in line of their employment—you will find in favor of said Gulf, Colorado & Santa Fé Railway Company against said Pullman Company for the amount of the verdict, if any, you may return in plaintiff's favor and against said railway company.

"You are further instructed in this connection that under said contract, even though you may believe that the omissions, if any, of the said Pullman Company's employees in the respect above stated were not negligent or wrongful, still, if you further believe that the injury, if any, sustained by plaintiff arose from such acts or omissions, you will nevertheless find in favor of said railway company and against said Pullman Company for the amount of the verdict, if any, rendered in plaintiff's favor against said railway company."

The refusal of the trial court to give said special charge No. 3 was duly excepted to, and bill of exceptions duly taken, and such refusal was made the forty-sixth ground of the motion for a new trial filed by the railway company.

That portion of the contract between the two companies which was offered in evidence by the railway company, in so far as it is pertinent to the question to be determined, is as follows:

"The Pullman Company agrees to indemnify and save harmless the Railway Company against all liabilities and claims for loss or damage to, or destruction of property, and for injuries to persons or deaths, as follows: * * *

"Subdivision (d). All claims and liabilities arising from the acts or omissions whether negligent or wrongful, or otherwise, of employees of the Pullman Company in line of their employment."

In its original opinion the Court of Civil Appeals, while setting forth the fact that the record disclosed that the railway company objected to the thirteenth paragraph of the charge, which was made the basis of the fifteenth assignment of error, yet it stated no affirmative holding or conclusion upon the question, but proceeded to deal with the sixteenth assignment of error, directed against the refusal of the trial court to give special charge No. 3, and stated the conclusion that said charge should have been giv-

en; therefore the assignment was sustained, and the judgment as between the Pullman Company and the railway company was reversed on the ground that the trial court erred in refusing special charge No. 3, but, finding, as it stated, that "the negligence of the appellant [the railway company] in starting the train at the time it did without first learning whether the Pullman passenger had alighted was established without controversy," therefore it affirmed the recovery against the railway company. In its opinion on motion for rehearing the Court of Civil Appeals deals with both assignments of error, and states with reference to paragraph 13 of the charge:

"If the railway company was entitled to the presentation of the defense of the terms of that provision in contract between it and the Pullman Company, such defense did not in any sense depend on the question of negligence of the Pullman Company's employees in causing, or contributing to cause, the injury to plaintiff, but was entirely independent of the question of negligence. If the railroad company had the right to enforce the contract of indemnity according to its terms—and no question is here raised as to such right—we are of the opinion that it was positive error to limit such right to indemnity to a showing of negligence on the part of the Pullman Company."

The Court of Civil Appeals held that the charge was reversible error. This being true, we are confined to a discussion of two questions: (1) Whether the trial court properly refused to give special charge No. 3, requested by the railway company, which refusal was made the basis of its sixteenth assignment of error; and, (2) whether under the undisputed facts any other judgments could have been properly rendered as between the two corporations, except the one rendered in favor of plaintiff in error. In the application for writ of error the assignment is to all intents and purposes made that, regardless of whether paragraph 13 was or was not correct, the judgment rendered by the trial court as between the two corporations was the only judgment which could properly have been rendered.

[1, 2] As to the first of the two above-stated assignments, we are of the opinion that the trial court properly refused special charge No. 3, requested by the railway company, and that the Court of Civil Appeals erred in holding such action error on the part of the trial court. This is true for the following reasons:

(1) There was absolutely no dispute that the vestibule of the Pullman Car was brilliantly lighted. The appellant railway in its brief in the Court of Civil Appeals asserted in most emphatic and unqualified terms that there was no possible ground for the contention that the accident could be attributed in any degree to want of sufficient light in the vestibule. Its own conductor said he saw

the light from the Pullman vestibule flashing so brightly on the ground that he could see the Pullman porter 230 feet away.

The following authorities support the statement that to have given a charge on an undisputed question would have been reversible error: Hardy v. De Leon, 5 Tex. 230 (citing Boardman v. Reed, 6 Pet. [U. S.] 328, 8 L. Ed. 415); Wintz v. Morrison, 17 Tex. 372, 67 Am. Dec. 658; I. & G. N. Ry. Co. v. Stewart, 57 Tex. 166; Railway Co. v. Gilmore, 62 Tex. 391; Denham v. Trinity Lumber Co., 73 Tex. 84, 11 S. W. 151; Railway v. Harvin, 59 S. W. 629; Western Union Tel. Co. v. Burgess, 60 S. W. 1024.

(2) Because had it been that a part of the requested charge was correct and a part incorrect, it would not have been obligatory on the trial judge to have separated the proper from the improper parts; nor to modify the charge. Hardy v. De Leon, supra; Wells v. Barnett, 7 Tex. 584; Rosenthal v. Middlebrook, 63 Tex. 339; Gulf, etc., v. Shieder, 88 Tex. 167, 30 S. W. 902, 28 L. R. A. 538; Ft. Worth v. Daniels, 29 S. W. 695; Cyc. vol. 38, p. 1708 et seq.

It is manifest, when considered in the light of the foregoing authorities, and the requested charge was properly refused. The charge having been properly refused, the Court of Civil Appeals erred in reversing the judgment on the ground of such refusal.

[3, 4] However, that court held it to have been reversible error to have given paragraph 13 of the charge, which holding is not called in question by the application for writ of error; therefore is not before us for review; hence, if the contention of plaintiff in error that the only judgment was rendered as between it and the railway company which could properly have been rendered be not sound, then as a practical question it is not material whether the refusal of special charge No. 3 was error or not.

We are brought then logically to inquire whether as between the two corporations any judgment could properly have been rendered except the one that was rendered. The question will probably be more felicitously stated by saying that we are called upon to determine whether there was any evidence upon which a verdict holding the Pullman Company liable could be based on another trial. In order that we might correctly determine that question we have repeatedly carefully read, not only the statement of facts, but the record, and even after we had prepared an opinion we again examined carefully the application for the writ, in which is set forth fully and fairly all the evidence bearing upon the question, where the responsibility for the injury rested. That evidence was given both by the employees of the railway company and the plaintiff; in the larger part, by the former.

We were at first inclined to give a degree of importance to the testimony of the plaintiff as to the placing of the step box and the action or nonaction of the Pullman porter which we are satisfied upon further examination it is not entitled to. It is at best but a matter of opinion and so far as it was not negative in form was but the expression of "an idea," and did not possess the probative force that was sufficient to carry the case to the jury on the question whether the Pullman porter was negligently, or otherwise, responsible in any degree for the accident. This being true, there is no evidence to sustain a verdict against the Pullman Company. On the other hand, the inexcusable negligence of the employees of the railway is conclusively established by their own evidence, as the Court of Civil Appeals found, with unquestionable correctness.

We have reached the conclusion that there is no evidence sufficient to show that the Pullman porter did anything he ought not to have done, or left anything undone that he ought to have done, or that he was in any measure responsible for the injury to the passenger. It is made clear by the evidence that coincident with the passenger putting his foot on the step box the train was negligently put in motion with a jerk, and the passenger was thrown under the train, and that but for the presence of mind and promptness of the porter would likely have been killed.

It is obvious from the opinion of the Court of Civil Appeals that had that court reached the conclusion that the refusal of special charge No. 3 was correct, it would have affirmed the judgment of the trial court as between the two companies. That charge was properly refused by the trial court for the reasons we have already given, hence no ground was left for reversal of the judgment as between the two companies.

The contention of plaintiff in error that the only judgment has been rendered as between the two corporations that could properly have been rendered must be sustained.

We therefore recommend that the judgment of the Court of Civil Appeals be reversed, and the judgment of the district court be affirmed.

PHILLIPS, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.