UNITED ELECTRIC RAILWAYS COMPANY *vs.* PENNSYLVANIA PETROLEUM PRODUCTS CO.

JUNE 14, 1937.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

306

CONDON, J. This is an action of trespass on the case for negligence brought for damages to a bus belonging to the plaintiff, caused by a truck belonging to the defendant skidding into said bus at the junction of Charles and Mill streets in the city of Providence. The case was tried before a justice of the superior court sitting with a jury and resulted in a verdict for the defendant. The plaintiff thereupon duly filed a motion for a new trial, which was heard and denied by said justice. The plaintiff excepted to such denial and has duly prosecuted its bill of exceptions to this court.

The plaintiff relies upon five exceptions. We shall consider these exceptions in the following order: Exception twenty-two to the refusal of the trial justice to charge as plaintiff requested, exception twenty-one to certain portions of the charge as given to the jury by the trial justice, and exceptions twenty-three, twenty-four and twenty-five to the denial by the trial justice of plaintiff's motion for a new trial.

The plaintiff contends under its twenty-second exception that the trial justice committed error in refusing to instruct the jury to find, as a matter of law, that the plaintiff's driver was not guilty of contributory negligence. In support of this contention it cites the expression of opinion made by the trial justice in giving his decision on the motion for a new trial as follows: "I think it is clear that the plaintiff

was not guilty of contributory negligence." He argues further that the testimony is clear and uncontradicted that, when the bus driver saw the truck start to skid, he pulled his bus over to the righthand curb of the sidewalk, as far as he could go, to get out of the way of the truck.

Contributory negligence is ordinarily a question for the jury, unless the evidence is so clear that only one reasonable inference can be drawn therefrom. *United Electric Rys. Co.* v. *Penna Petroleum Products Co.,* 55 R. I. 154. It is by no means clear to us that the testimony is undisputed that the bus driver did all he could do to avoid an accident or that his bus was stopped at the time the truck collided with it. On the contrary, there is evidence from which the jury might reasonably have concluded that the bus was moving at the time of the accident, and that the driver could have started earlier than he did to get his bus out of possible range of the skidding truck, when he first noticed it starting to skid. There is evidence also from which the jury might reasonably have concluded that when the driver of the bus first saw the truck starting to skid, he should have turned his bus to his right in the direction of the "little street", so-called, easterly of the Stillman White Foundry, rather than continue along Mill street in the path of the skidding truck; and that, not having done so, was, under all the circumstances, negligence on his part which contributed to the accident. The trial justice properly left the consideration of this issue to the jury. The fact that later in denying the plaintiff's motion for a new trial he expressed himself as of the opinion that the plaintiff was not guilty of contributory negligence does not impair the correctness of his ruling, denying the plaintiff's request for an instruction to the jury to find to that effect as a matter of law.

The trial justice has a wider latitude in passing upon the testimony on a motion for a new trial than he has in charging the jury before verdict. He might have felt on his view of the evidence that the plaintiff was not guilty of contributory negligence and yet not have been justified

in instructing the jury as a matter of law to that effect. Such an instruction could have been sustained only if, upon a view of all of the evidence most favorable to the plaintiff, there was no legal evidence upon which the jury reasonably could have made a contrary finding. On the whole, after carefully perusing all the testimony and giving due consideration to such inferences in favor of the plaintiff as the jury might reasonably draw therefrom, and also after examining the engineer's plat of the scene of the accident in connection with such testimony, we cannot say that the trial justice was in error in refusing to charge as the plaintiff requested. The plaintiff's twenty-second exception must therefore be overruled.

The plaintiff contends under its twenty-first exception that the trial justice was in error in charging the jury as to the absence of chains on its bus as well as to their absence on the defendant's truck. In support of this contention it argues that there is no evidence which indicates that the absence of chains on the plaintiff's bus had anything to do with the accident. And in connection with this argument it again brings in the above-mentioned expression of the trial justice in making his decision on plaintiff's motion for a new trial.

The expression of the trial justice on that motion is of no importance on the point raised by the plaintiff's exception now under consideration. The question of chains is in this case because the plaintiff, by the seventh count in its declaration, alleges their absence on the defendant's truck as a ground of negligence. It might have been better for the plaintiff if it had not declared on this count at all, or at least had not declared on the absence of chains in the manner which it did in said count. With this count remaining in the case, it was the duty of the trial justice to charge on the question of chains and to expound to the jury as clearly as possible the law with reference thereto. He could not ignore absolutely the fact that the bus did not have chains. That fact was in evidence. It was his duty to

inform the jury of the legal import, if any, of the absence of chains on both vehicles according to the testimony.

We are of the opinion that the language which the trial justice employed to convey the law to the jury reasonably served the purpose and is not open to the objection that it was prejudicial to the plaintiff. We agree with the plaintiff that several of the sentences of the portion of the charge here objected to might have been more carefully phrased, but we must look at the whole paragraph in order to determine whether or not the language used has tended to prejudice the plaintiff in the minds of the jury. Had the trial justice concluded with the sentence "You may find that the failure of one of the vehicles to have chains amounted to negligence and the failure of the other to have chains did not amount to negligence," it is not unlikely that the charge would have been erroneous. He went on, however, at once to clarify the matter and made it reasonably clear, it seems to us, that it was solely for the jury to say under all the evidence in the case whether or not the absence of chains was a circumstance that bore upon the question of the negligence of either plaintiff or defendant or of both. The plaintiff's twenty-first exception must therefore be overruled.

We now come to plaintiff's exceptions twenty-three, twenty-four and twenty-five, relating to the denial of its motion for a new trial. In view of what we have said above on the other exceptions, it will not be necessary to discuss these latter exceptions at any great length. We have carefully read the transcript and we are satisfied that the jury followed the law as given to them by the trial justice. We are also satisfied that the trial justice has exercised his independent and more comprehensive judgment in passing upon the plaintiff's motion for a new trial, and his decision denying said motion is therefore entitled to great weight with us. Under such circumstances, this court, in accordance with its well established rule, will not disturb his decision, unless it is clearly wrong. *Wilcox* v. *Rhode Island*

*Co.*, 29 R. I. 292. As we are of the opinion that his decision is not clearly wrong, the plaintiff's exceptions twenty-three, twenty-four and twenty-five must therefore be overruled.

All of the plaintiff's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the verdict.

Moss, J., dissenting. I am unable to agree with my associates in their decision of this case. I have not been able to find in the transcript any evidence from which, in my judgment, the jury could reasonably have found that the plaintiff was guilty of contributory negligence. The trial justice was evidently of the same opinion, when he said, in denying the plaintiff's motion for a new trial, "I think it is clear that the plaintiff was not guilty of contributory negligence."

As there was no special finding by the jury either on that issue or on the issue of negligence by the defendant causing the collision, it is impossible to determine whether they found their verdict for the defendant on the ground that it was not guilty of such negligence or on the ground that the plaintiff was guilty of contributory negligence or on both of these grounds.

In this situation, with no evidence from which the jury could reasonably find contributory negligence, it was, in my judgment, the duty of the trial justice to grant the plaintiff's request that the jury be instructed as follows: "I instruct you to find as a matter of law that the plaintiff's bus driver was not guilty of any negligence which contributed to this accident."

It is well settled that in such a situation it is reversible error for a trial justice to refuse to give such an instruction. *Bain* v. *Athens Foundry & Machine Works*, 75 Ga. 718; *Goltz* v. *Griswold*, 113 Mo. 144, 20 S. W. 1044; *Denham* v. *Trinity County Lumber Co.*, 73 Tex. 78, 11 S. W. 151; 1 Thompson on Negligence, 432, 433, §§458, 459.

Therefore, my conclusion is that the plaintiff's exception to the refusal of the trial justice to give the requested in-

struction should be sustained and the case remitted to the superior court for a new trial.

*Clifford Whipple, Frank J. McGee,* for plaintiff.
*William A. Gunning,* for defendant.