## J. B. KINDRED V. THE STATE.

1. An indictment for disturbing public worship charged that the accused, on a day certain, " in the county aforesaid, at the church in H., unlawfully and wilfully did disturb a congregation then and there assembled for religious worship, and conducting themselves in a lawful manner," contrary to the form of the statute, etc. *Held*, that the indictment was sufficient, as it followed the statute; it was not necessary to aver the particular acts of disturbance imputed to the accused.

APPEAL from Lavaca. Tried below before the Hon. Wesley Ogden.

The facts are indicated in the head note and the opinion.

*Wm. Tate*, for the appellant.—The indictment is insufficient, and the exceptions should have been sustained.

The indictment does not allege the facts which constitute the offense. The particular acts which were done by the defendant and calculated to disturb the congregation, should have been set out in the indictment. (Bush v. The Republic, 1 Texas, 455; Burch v. The Republic, 1 Texas, 608; Hanson v. The State, 23

Texas, 233.) The offense is not set forth in plain and intelligible words. (Code Criminal Procedure, Art. 395.) The indictment is defective for want of certainty. (Code of Criminal Procedure, Art. 398.) Everything to be proved must be alleged. (Code Criminal Procedure, Arts. 395, 396; Schwartz v. The State, 25 Texas, 764; Hanson v. The State, 23 Texas, 233.)

*Attorney General*, for the State.

DENNISON, J.—This was an indictment for disturbing religious worship.

In this cause the only error assigned by appellant as cause for the reversal of the judgment is the overruling of the motion to quash the indictment as set forth in the bill of exceptions.

This court can see no valid objection to the decision of the court below, in this respect. The charge (in the indictment) of the offense is in the exact words of the statute. (See Paschal's Dig., Art. 1104.) The judgment is therefore affirmed and remanded.

Affirmed.