[No. 2892.]

## W. C. THOMPSON v. THE STATE.

1. DISTURBING RELIGIOUS WORSHIP—INDICTMENT.—There must be some particularity, or what the law calls certainty, in an indictment. The particular act of which the State complains must be set forth in plain and intelligible words, so that the party who is accused may know what he is called upon to answer, and may be able to prepare for his defense. The indictment in this case charges the defendant with wilfully disturbing a congregation assembled for religious worship, but fails to allege the means or manner by which he disturbed the congregation. *Held,* that the indictment is bad, for uncertainty, wherefore the motion to quash the same should have been sustained.

2. SAME.—While in charging the offense of disturbing religious worship it is necessary that the means or manner of disturbance be alleged, it is not essential that the indictment enter into details. A general statement, as that it was effected by loud talking, swearing, whistling, etc., as the case might be, is sufficient.

3. SAME.—The statute in force when the case of *Kindred* v. *The State*, 33 Texas, 67, was decided, in which an indictment similar to this was held sufficient, and the statute now in force (Penal Code, Article 280), are materially different, and the Kindred case is no longer authority upon the question.

APPEAL from the County Court of Jack. Tried below before
the Hon. T. M. Jones, County Judge.

The opinion discloses the substance of the indictment. A fine
of twenty-five dollars was the punishment imposed by a verdict
of guilty.

The sufficiency of the indictment to charge the offense was
the question relied on at the trial. The action of the court in
overruling the motion to quash the same, and the sufficiency of
the evidence to sustain the conviction, were the grounds relied
upon in a motion for new trial. In so far as the evidence indi-
cated a disturbance of the meeting, it tended to show that it
was disturbed by loud talking.

No brief for the appellant has reached the Reporters.

J. H. Burts, Assistant Attorney General, for the State.

WILLSON, JUDGE. "There must be some particularity, or
what the law calls certainty, in an indictment. The particular
act of which the State complains must be set forth in plain and
intelligible words, so that the party who is accused may know
what he will be called upon to answer, and may be able to pre-
pare for his defense." (Alexander v. The State, 29 Texas, 495.)
By the indictment in this case, the defendant was informed that
he was called upon to answer the charge of wilfully disturbing
a congregation assembled for the purpose of religious worship,
but he was not informed by what means or in what manner he
caused the disturbance. He is not told whether it was by loud
or vociferous talking, or by swearing, hissing, laughing, fight-
ing, discharging fire arms, or by any other specified means.
Upon the well settled general principles of the law governing
indictments, we are of the opinion that this indictment is bad,
for uncertainty. (Code Crim. Proc., Art. 420, sub. 7; Art. 422;
Brush v. The Republic, 1 Texas, 455; Lewellen v. The State, 18
Texas, 538; Williams v. The State, 14 Texas, 98; Lagrone v. The
State, 12 Texas Ct. App., 426.)

The precise question presented in this case has been deter-
mined by the Supreme Court of Arkansas, in cases arising un-
der a statute in all material respects similar to ours. It is there
held that the indictment for this offense must allege the manner
of the disturbance, as well in order that it may be determined

whether or not the statutory offense has been charged, as that the accused may know the "nature and cause of the accusation against him." (*The State* v. *Minyard*, 12 Ark. (English), 156; *The State* v. *Hudson*, 31 Ark., 638.) It is further held that it is not necessary, in charging the manner of the disturbance, to enter into details. A general statement, as that it was effected by "loud talking," "swearing," "discharging fire arms," "whistling," "fighting," or the like, would be sufficient. We think the Arkansas decisions we have cited are correct, and are well supported by the general principles of law.

We have found no authority in conflict with them, except the case of *Kindred* v. *The State*, which is a decision by the Supreme Court of this State, but made under a statute materially different from the one now in force. That decision held that an indictment substantially the same as the one before us was good. No authority was cited, and no reason advanced in support of the conclusion of the court, except that the indictment followed the language of the statute. (*Kindred* v. *The State*, 33 Texas, 67.) Without either questioning or conceding the correctness of that decision, it is sufficient to say that we do not regard it as authority in this case, because it was made with reference to a statute materially different from the one under which this conviction was obtained. (Penal Code of 1856, Art. 284; Pas. Dig., Art. 1904; Rev. Stat., Art. 180; Acts of Eighteenth Leg., p. 17.)

It was rendered at a time when the Article 284 of the original Penal Code was in force, and that Article, unlike the subsequent amendments of it, did not name any means or manner of the commission of the offense. We hold that the case of *Kindred* v. *The State* is no longer an authority with reference to an indictment under our present statute for the offense of disturbing religious worship.

Because the court erred in overruling the defendant's exception to the indictment, and because the indictment is bad, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*

Opinion delivered May 14, 1884.