LOUISIANA & TEXAS LUMBER CO. v. KENNEDY et ux.†

(Court of Civil Appeals of Texas. Galveston. Dec. 12, 1911. Rehearing Denied Jan. 4, 1912.)

1. TRESPASS TO TRY TITLE (§ 32*)—PLEADING—DESCRIPTION OF LAND.

A petition in trespass to try title, where plaintiff claimed an undivided 160 acres of a tract of 276 acres, itself part of a survey of 354 acres, after cutting off a tract of 78 acres, which described the 354 acres as "the International & Great Northern Railroad Company Survey No. 56, situated in Houston county, Tex., about 18 miles east of the city of Crockett, and being the same patented to the said International & Great Northern Railroad Company on or about the ―― •day of ――, A. D. ――, and more fully described by Exhibits A. and B. hereto attached and made a part hereof, and being 276 acres more or less," to which are attached exhibits containing a description, by metes and bounds, of the entire survey No. 56, and also of the 78 acres to be taken off, sufficiently identified the land.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 39–41; Dec. Dig. § 32.*]

2. TRESPASS TO TRY TITLE (§ 52*)—RECOVERY OF PART OF LARGER TRACT—DAMAGES FOR CUTTING TIMBER.

Where plaintiff, in trespass to try title, claims an undivided 160 acres of a tract of 276 acres, and damages for defendant's cutting of timber on the larger tract, which had formerly been all wooded, and recovers and has set off to him 160 acres of the tract, not previously defined, except by the location of plaintiff's improvements, which gives him a fair and equitable proportion of the land, he must take the land as it is, and is not entitled to any damages for the value of timber cut.

[Ed. Note.—For other cases, see Trespass to Try Title, Cent. Dig. §§ 83, 84; Dec. Dig. § 52.*]

3. ADVERSE POSSESSION (§ 107*)—RIGHTS ACQUIRED — SETTING OFF PART ADVERSELY HELD.

Where plaintiff in possession of a portion of a larger survey claims 160 acres ' of the survey, and also claims a specific 160 acres surveyed by a certain surveyor, and establishes his claim to an undivided 160 acres, though failing to prove a claim to a specific portion, he is entitled to have 160 acres surveyed out of the larger tract by the court.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. § 624; Dec. Dig. § 107.*]

4. TRIAL (§ 260*)—INSTRUCTIONS — REFUSAL OF REQUESTED INSTRUCTION.

A requested instruction which has been substantially embodied in the instructions given is properly refused.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 651–659; Dec. Dig. § 260.*]

Appeal from District Court, Houston County; B. H. Gardner, Judge.

Trespass to try title by Washington Kennedy and wife against the Louisiana & Texas Lumber Company. Judgment for plaintiffs, and defendant appeals. Affirmed in part, and reversed and rendered in part.

See, also, 126 S. W. 1110.

Nunn & Nunn, for appellant. J. W. Madden and Geo. W. Crook, for appellees.

REESE, J. This is an action of trespass to try title by Washington Kennedy and his wife, Malinda, against the Louisiana & Texas Lumber Company for certain land in Houston county, and for damages for cutting timber.

Upon trial with a jury, plaintiffs had judgment for 160 acres of the land, under his claim of title under the statute of limitation of 10 years, to be surveyed for him under the order of the court, and also for $780 damages for cutting timber. Commissioners were appointed to set off the 160 acres, including plaintiffs' improvements. Their report was approved, and judgment entered accordingly, setting off to him a specific 160 ácres. From the judgment, the defendant appeals.

The land in controversy is part of a larger survey of 276 acres. After the usual allegations in a trespass to try title action, appellees alleged that they, with their children, had, for more than 20 years before the filing

---

of this suit, resided upon said tract as their homestead, and had had and held peaceable and adverse possession thereof, claiming the same in good faith, and cultivating, using, and enjoying the same during said period, and that they now claim 160 acres thereof under and by virtue of the statute of limitations of 10 years, the same to be defined so as to include their improvements.

It was also alleged that by reason of said occupancy plaintiffs became entitled to their due proportion of the pine timber standing on the entire tract at the time of the accrual of their right, stating the amount of said standing timber and the value thereof, and, under appropriate allegations as to the cutting of timber on the tract by defendant and the value of the timber so cut, prayed for judgment for damages for their proportion of the timber so cut, as tenants in common with defendant of the land, including the timber.

The case was before this court on a former appeal from a judgment in favor of plaintiff, which judgment was affirmed. 119 S. W. 885. Upon writ of error to the Supreme Court, the judgments of the district court and of this court were reversed, and the cause remanded. 126 S. W. 1110. Upon the former trial, plaintiffs claimed a specific 160 acres according to what was claimed to be defined boundaries, but, after the remand, they amended their petition in accordance with the views of the Supreme Court, claiming 160 acres under their limitation plea, and praying that the same be set off and designated by the court.

We find that the evidence is sufficient to sustain the verdict in favor of plaintiffs for 160 acres of land out of the survey under their limitation plea, and also to sustain the partition made by the commissioners. We also find that, if plaintiffs were entitled, as tenants in common, to their proportionate share of the timber standing on the tract at the time their title was perfected under the statute of limitations, the evidence is sufficient to sustain the verdict of $780 in their favor as the value of their proportion of timber cut and appropriated by defendant after said date.

[1] By its first assignment of error, appellant complains of the ruling of the court in overruling its special exception that the third amended petition does not describe the land, so that it can be identified on the ground. The assignment is without merit. We assume that the objection is addressed to the description of the entire tract of 276 acres, of which appellees claim an undefined 160 acres, praying the court to designate the same, as pointed out by the Supreme Court on the former appeal. The 276 acres is part of a tract of 354 acres after cutting off a tract of 78 acres. The 354 acres is described as "the International & Great Northern Railroad Company Survey No. 56, situated in Houston county, Tex., about 18 miles east of

the city of Crockett, and being the same patented to the said International & Great Northern Railroad Company on or about the —— day of ——, A. D. ——, and more fully described by Exhibits A and B hereto attached and made a part hereof, and being 276 acres more or less." The exhibits referred to, attached to the petition, contain a description, by metes and bounds, of the entire survey No. 56, and also of the 78 acres to be taken off. This was sufficient.

There is no merit in the second assignment, complaining of the ruling of the court in not sustaining the exception to the petition, on the ground that it set up a new cause of action, and the assignment is overruled.

The third, sixth, seventh, eighth, and fifteenth assignments all relate to that part of the case in which damages are claimed and awarded for the value of timber cut, and under the view we take of the case it will only be necessary to dispose of the third assignment, by which appellant complains of the action of the court in not sustaining his special exception to that portion of the petition claiming such damages.

[2] This action was first instituted in 1907. Plaintiffs, by their original and first and second amended petitions, claimed a specific 160 acres, as first surveyed by Jones, then by Durst, and afterwards by Duren. There was a difference in the field notes of each of the three surveys, but it was claimed by plaintiffs, and this court on the former appeal held, that the evidence was sufficient to sustain the contention that in fact each of the surveyors actually ran the same lines. The whole case as thus presented is clearly explained by the former opinions of this court and the Supreme Court, referred to. In 1910 the third amended petition was filed, and plaintiffs abandoned their claim for a specific 160 acres, and relied upon their occupancy for over 10 years to entitle them to 160 acres, to be surveyed off to them under the orders of the court, as pointed out by the opinion of the Supreme Court. This left them as relying solely upon their claim to an undivided 160 acres, to be surveyed and designated by the court. The land had been formerly all in timber, and evidence was introduced as to the value of the timber standing on the tract and that cut and appropriated by defendant after the perfecting of plaintiffs' title under the 10-year statute. The court seems to have taken the view that plaintiffs were entitled to $160/276$ of this timber, and sought by its charge to so instruct the jury, charging plaintiffs with the timber still standing on their 160 acres, and so adjusting the matter as to give them damages for their proportion of the timber that was cut. The case thus presented is one of first impression in this state, and we have not been able to find any authority bearing upon the question elsewhere. The court was evidently controlled by what was

said in the opinion of the Supreme Court with reference to plaintiffs being joint tenants of the land with defendant in the proportion of 160 acres to plaintiffs and the remainder of the tract to defendant. We do not think the ordinary rule as to joint tenants, so far as the right to the timber on the entire tract is concerned, is applicable here. If plaintiffs had made good their title to a specific 160 acres, as they started out to do, upon recovery of the land, they would have been entitled, also, to recover damages for timber cut on this defined tract after the perfecting of their title. Having abandoned this and sought a recovery of an undivided interest of 160 acres, the location of which was fixed, to some extent, by the fact that it had to include their improvements, we are of the opinion that when this 160 acres is surveyed off to them they must take it as they find it. Any other rule would give rise to many vexatious and troublesome questions. Suppose, for instance, a person makes settlement on a part of a heavily timbered tract of large size, as a league, but his improvements and any 160 acres surrounding the same would not reach the timbered portion of the larger tract, would he be entitled, upon recovery of an undefined 160 acres, to be surveyed under the direction of the court, to have his share of the standing timber, or, in case it had all been cut off, to damages for his share? By the statutes, plaintiffs were entitled to 160 acres of land off of the larger tract, and if they get, in the division, a fair and equitable proportion of the land as it stands, they cannot complain. We think the court erred in not sustaining defendant's exception to the entire claim for the value of timber cut, as set out in the third assignment of error, and that the court also erred in overruling defendant's motion for a new trial as to the judgment for value of the timber. The judgment will be reversed as to the damages for cutting timber, and as to so much of the plaintiffs' claim judgment will be here rendered that plaintiffs take nothing.

There was no error in overruling the general demurrer to the petition, in so far as the claim of title to 160 acres of land is concerned, as set out in the fourth assignment of error, which is overruled.

[3] There is no error in that portion of the charge wherein the jury is instructed that, if they find for the plaintiffs on the issue of 10 years limitation, they should return a verdict for plaintiffs for 160 acres of land, to be surveyed out of the International & Great Northern Railroad Company survey No. 56 so as to include plaintiffs' improvements. The objection to this charge is that Washington Kennedy testified that he had always claimed the specific 160 acres surveyed off by Jones, Durst, and Duren. The witness also stated that he claimed 160 acres of the land. At any rate, even if he claimed the 160 acres of the Jones survey,

if he failed to make good such claim, it would not deprive him of his right to 160 acres to be surveyed for him by the court. This, we take it, was decided by the Supreme Court in their opinion in the case on the former appeal, also in Louisiana & Texas Lumber Company v. Stuart, 130 S. W. 203. The assignment cannot be sustained. What we have said disposes, also, of the ninth assignment of error, which presents the same question.

[4] The twelfth assignment of error, relating to a refusal of a special charge requested by the defendant, is stated as a proposition, but it cannot be so considered. For lack of a proper proposition, it might safely be refused consideration. It appears, however, from the statement under the proposition that the principle of law of the requested charge was substantially embodied in the charge of the court, and there was therefore no error in refusing the requested charge.

Defendant requested the court to instruct the jury that, if they believed that Kennedy, during the year 1897, caused a survey to be made of the 160 acres by Jones, and thereafter claimed such 160 acres up to the time of the institution of the suit, plaintiff could not recover more than the land inclosed by him. The court refused to give the charge, and the refusal is complained of in the thirteenth assignment of error. What we have said in disposing of the fifth assignment of error also answers this assignment. We think the opinion of the Supreme Court in this case settles the point contrary to defendant's contention. The assignment is overruled.

The same question is raised by the fourteenth assignment of error, based upon the refusal to grant a new trial, and the same disposition must be made of the assignment. We call attention to the fact that this assignment is also stated as a proposition, which was not proper. The assignment should have been elucidated by a proposition stating the principle of law contended for. What has been said disposes, also, of the seventeenth assignment, which presents the same contention as the fifth; that is, that if plaintiffs set up and asserted claim to the specific 160 acres surveyed by Jones they would not be entitled to an undefined 160 acres, to be surveyed under the direction of the court. Plaintiffs, failing to make good their claim to this specific 160 acres, abandoned the same by their amended pleading. This did not affect their right to recover the undefined 160 acres, to be surveyed so as to include their improvements.

This disposes of all of the assignments of error. None of those which go to the recovery of the land presents any ground for reversal, and the judgment for the land is affirmed. We have indicated that the judgment for damages for timber is erroneous.

The judgment as to the land should therefore be in all things affirmed, and as to the

judgment for the value of timber it should be reversed and judgment here rendered that as to such claim plaintiffs take nothing, and that the plaintiffs pay the costs of this appeal, and it is so ordered.

Affirmed in part. Reversed and rendered in part.