**STEVENSON et al. v. BARROW et al.**
(No. 1068.)

(Court of Civil Appeals of Texas. Beaumont. Oct. 13, 1924.)

1. **Adverse possession ⬅57—Burden held on defendants to show bar of 10 years' limitation was completed, excluding year of suspension by death.**

Where defendants' predecessor died after cause of action against him accrued and before suit, and his estate was not administered within Rev. St. art. 5704, which in that case suspends limitation for one year, burden was on defendants to show bar of 10 years' limitation was complete, excluding the one year, notwithstanding plaintiffs did not plead such death and failure to administer estate under article 5706.

2. **Trespass to try title ⬅47(1)—Judgment held void for want of sufficient description.**

Judgment awarding land described as undivided portion of larger tract to be located to include improvements, *held* void for want of sufficient description.

3. **Trespass to try title ⬅47(1)—Recovery of land must be for specific tract, described definitely.**

Recovery of land, in trespass to try title, must be for a specific tract so described as to be capable of definite location and not undivided portion of described tract.

4. **Adverse possession ⬅97—Award of portion of tract to be added to that of other tract, so as to make 160 acres, held erroneous.**

Where defendants claimed by limitation 82.3 acres in one tract and all of noncontiguous 320-acre tract except designated tracts therein, of 60 and 38 acres, award of portion of one tract to be added to that of other, so as to make total of 160 acres, *held* erroneous.

5. **Trial ⬅352(4)—Issues of fact to be found by jury must be supported in pleadings.**

Special issues of fact to be found by jury must be supported in pleadings.

6. **Judgment ⬅251(1) — Must follow pleadings.**

Judgment must follow pleadings.

7. **Judgment ⬅251(1) — Held void because special issues of fact upon which it was based were not supported in pleadings.**

Where pleadings claimed title by limitation to two noncontiguous tracts, special issue as to adverse possession of one and sufficient of other to make 160 acres was unauthorized, and judgment thereon could not stand under Rev. St. art. 1994.

8. **Trial ⬅352(4)—Issue raised by pleadings but not supported by evidence is not proper.**

A special issue raised by pleadings, but not supported in the evidence, is not proper.

9. **Adverse possession ⬅115(7) — Whether defendants' possession and appropriation of land only an encroachment, held question for the jury.**

Whether defendants' possession and appropriation of land was only an encroachment, so as to limit claim to the encroachment, *held* a question for the jury.

Appeal from District Court, Jasper County; Hon. V. H. Stark, Judge.

Suit by Mrs. M. M. Stevenson and others against Levi Barrow and others. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

Smith & Lanier, of Jasper, for appellants.
Blake & Neel and G. E. Richardson, all of Jasper, for appellees.

O'QUINN, J. The following statement of the nature and result of the suit, which appellees admit is correct, is taken from the brief of appellants.

"This suit was filed by appellants July 1, 1922, against appellees in the nature of trespass to try title to a portion of the John W. Dainwood survey, pleading also the three, five,

and ten year statutes of limitation. By amended petition filed December 8, 1922, appellants included a portion of the Henry Dainwood survey, in which amendment they alleged, in addition to the pleas above mentioned, a judgment had in favor of appellants against W. J. Barrow et al., on the 25th day of February, 1907, for the land now in question on the Henry Dainwood survey. Also a judgment on the 5th day of December, 1907, for the land now in question on the John W. Dainwood survey.

"Appellees plead misjoinder of causes of action, general demurrer, general denial, not guilty, and the five and ten year statutes of limitations as to both surveys.

"Trial was had before a jury June 7, 1923. The court submitted only the issues of the ten-year statute of limitation on behalf of appellees in the following questions, viz.:

"Question No. 1. Did W. J. Barrow, to the date of his death, and the defendants since said date up to the date of the filing of this suit, July 1, 1922, claim all of the land described in plaintiffs' petition on the John W. Dainwood survey, and occupy, use and enjoy the same for 10 consecutive years after December 5, 1907, and at the same time have said land or a part of the same inclosed?

"Question No. 2. Did W. J. Barrow, to the date of his death, and the defendants since said date up to the date of the filing of this suit, July 1, 1922, claim the six-acre field and the strip on the north side of the 38-acre tract out of the Henry Dainwood survey, and occupy, use and enjoy the same for 10 consecutive years after February 25, 1907, and at the same time have same or either of same inclosed?

"Question No. 3. Did W. J. Barrow, to the date of his death, and the defendants since said date up to the date of the filing of this suit, July 1st, 1922, claim all of the land described in plaintiffs' petition on the John W. Dainwood survey, and also the six-acre tract, and the strip on the north side of the 38-acre tract, and in addition thereto enough land adjoining said six-acre tract and strip on the Henry Dainwood tract to include 160 acres of land when added to the John W. Dainwood tract, and at the same time cultivate, use, and enjoy the Henry Dainwood tract 10 consecutive years after February 25, 1907, and at the same time have said 6-acre tract or strip inclosed?"

"The jury answered each question in the affirmative, and the court, upon motion of defendants, entered judgment in their favor for all the land in controversy on the John W. Dainwood survey, and 'an undivided portion of said Henry Dainwood survey sufficient that, when added to the above-described recovery off the John W. Dainwood survey, will make 160 acres as a total recovery herein; the recovery herein off said Henry Dainwood will be run in such a shape as to include all improvements of the defendants thereon.' "

Appellants duly filed motion for a new trial, which being overruled, they bring this appeal.

We think the judgment should be reversed for several reasons:

[1] (1) In our opinion the evidence does not sufficiently support the verdict of the jury as to adverse claim, occupancy, use, etc., so as to ripen title by limitation. The rec- ord discloses that W. J. Barrow, husband of appellee Mrs. J. E. Barrow, through whom the adverse claim is asserted, died in 1915, and, as there was no administration of his estate, the statute of limitation was suspended for one year. Article 5704, Revised Statutes. Excluding this period, it is doubtful if the 10 years' adverse claim, occupancy, or use of the premises in question is shown, so much so that we feel constrained to hold that the verdict is not supported by the evidence. But appellees say that as the death of Barrow and the consequent suspension of the statute of limitation was not pleaded by appellants, and the attention of the trial court was not called to same, it should be held to have been waived by appellants; and cite us to article 5706 of the Revised Statutes, which provides that "the laws of limitation of this state shall not be made available to any person in any suit in any of the courts of this state, unless it be specially set forth as a defense in his answer." We do not think article 5704 is subject to the rule of pleading applicable to article 5706, cited by appellees. It is neither a statute of limitation prescribing the time in which a suit shall be brought, nor a period of time after which the cause of action shall be barred, but is simply a provision of law that after the death of a person against whom a cause of action already exists, the law of limitation already running against the cause of action shall cease to run until 12 months after such death, unless an administrator or executor of the estate of such dead person shall sooner qualify. Appellees having pleaded the 10 years' statute of limitation as a defense against appellants' asserted cause of action, and it having been shown that W. J. Barrow, the claimant under limitation, died after the cause of action against him had accrued and before the suit was filed, the burden was upon appellees to show that the bar of 10 years' limitation was complete, excluding the one year provision of article 5704.

[2] (2) The record shows that appellants herein were plaintiffs in suits against W. J. Barrow, who was the husband of appellee Mrs. J. E. Barrow, and father of the other principal appellees herein, involving the 161½ acres of the John W. Dainwood survey and the 320-acre Henry Dainwood survey herein in question, and that on February 25, 1907, an agreed judgment was entered in the suit involving the Henry Dainwood 320-acre survey, awarding to said W. J. Barrow 38 acres of the land and the remainder of the tract, excepting a tract of 60 acres awarded to one N. M. Hart, to appellants; that in the suit involving the John W. Dainwood 161½-acre survey on December 5, 1907, an agreed judgment was entered, awarding to W. J. Barrow 23.2 acres, and the remainder, except some small tracts, one of 30 acres, one of 20 acres, and one of 6 acres, to ap-

pellants. It is further shown that the residence of said W. J. Barrow at said time was, and ever since has been, on the 23.2 acres of the John W. Dainwood, and that he (Barrow) had a field inclosed and which he cultivated on the 38 acres of the Henry Dainwood survey. We gather from the record that the John W. Dainwood and the Henry Dainwood surveys in question both border on the Neches river, but that they do not join. There are two Henry Dainwood 320-acre surveys, known as the upper and lower Henry Dainwood surveys. The tract here involved is the lower Henry Dainwood, and is separated from the John W. Dainwood by the upper Henry Dainwood survey, which latter tract is not in controversy in this suit. So it appears that the improvements on the home place on the John W. Dainwood and the farm on the lower Henry W. Dainwood are not contiguous, but are separate and distinct improvements, on separate and distinct surveys of land, and are separate and distinct possessions. The judgment herein awarded appellees approximately 82.3 acres on the John W. Dainwood survey, and in addition "a certain tract of land, it being a part of the above-described Henry Dainwood survey, being described herein as an undivided portion of said Henry Dainwood survey sufficient that, when added to the above-described recovery off the John W. Dainwood survey, will make 160 acres as a total recovery herein. The recovery herein off said Henry Dainwood survey will be run in such shape as to include all improvements of the defendants thereon."

Appellants' contention that this judgment, as to the land awarded out of the Henry Dainwood survey, is void for want of sufficient description of the land awarded, must be sustained. The description of the land to be taken from the Henry Dainwood is not such as to enable a surveyor or any other person to go upon the ground and locate the land awarded. As above stated, the Henry Dainwood was a tract of 320 acres, from which were excluded two small tracts, one of 60 acres and the 38-acre tract of appellees, and that awarded herein to appellees is described in the judgment as "an undivided portion" of the remainder, sufficient, when added to that portion of the John W. Dainwood awarded to appellees, to make 160 acres. It describes no particular land. Hearne v. Erhard, 33 Tex. 67; Devine v. Keller, 73 Tex. 364, 11 S. W. 379; Roche v. Lovell, 74 Tex. 191, 11 S. W. 1079.

[3] Moreover, we take it that it is not permissible for one to recover "an undivided" portion of a tract of land, but that the recovery must be for a specific tract so described as to be capable of definite location. Titel v. Garland, 99 Tex. 201, 87 S. W. 1152.

[4] Furthermore, where the controversy involves two separate, distinct tracts of land,

not adjoining, and the improvements thereon not contiguous, but separate and distinct. a portion of one tract cannot be awarded to be added to that of the other, so as to make the sum of 160 acres. This is not a case where a party claims 160 acres by limitation to be taken out of a larger survey, but here the claim is to some 82.3 acres in one tract and all of a 320-acre tract except two small tracts of 60 and 38 acres, which 320-acre tract is another and distinct tract from the first, and not contiguous thereto. Hence the case of Louisiana & Texas Lumber Co. v. Kennedy (Tex. Civ. App.) 142 S. W. 989, cited by appellees, does not apply.

[5-7] (3) Appellants contend that the court erred in submitting special issue No. 3 to the jury, and that the verdict of the jury and the judgment thereon is erroneous, because there is no foundation in the pleadings of appellee upon which to base such charge or to support such judgment.

Special issue No. 3 is:

"Did W. J. Barrow, to the date of his death, and the defendants since said date up to the date of the filing of this suit (July 1, 1922), claim all of the land described in plaintiffs' petition on the John W. Dainwood survey, and also the 6-acre tract and strip on the north of the 38-acre tract and in addition thereto enough land adjoining said 6-acre tract and strip on the Henry Dainwood, so as to include 160 acres of land when added to the John W. Dainwood tract, and at the same time cultivate, use, and enjoy the Henry Dainwood land for 10 consecutive years after February 25, 1907, and at the same time have said 6-acre tract or strip inclosed?"

The assignment is well taken. In their pleadings appellees did not assert title by limitation to the John W. Dainwood 161½-acre tract, less the several small tracts mentioned, and in addition thereto a sufficient number of acres out of the Henry Dainwood survey to make a recovery of 160 acres. To the contrary, they asserted title to both the John W. Dainwood 161½-acre tract, less the small tracts named, and all of the Henry Dainwood 320-acre tract, except a tract of 60 acres belonging to Hart, and prayed for judgment accordingly. As the issues of fact to be found by the jury must have basis in the pleadings of the parties, and the judgment must follow the pleadings, and as there are no pleadings raising the issue as submitted and upon which the judgment could be based, it is therefore improper and cannot stand. Article 1994, Revised Statutes; Menard v. Sydnor, 29 Tex. 257; Maddox v. Summerlin, 92 Tex. 488, 49 S. W. 1033, 50 S. W. 567.

[8] Furthermore, if there had been such plea by appellees, there is no evidence in the record to support same, and hence the issue was not proper.

[9] Appellants' sixth proposition urges that, if limitation is shown by appellees to

any portion of the Henry Dainwood survey, it is only by reason of the occupancy and use of the 6-acre strip on the north of and adjoining the 38-acre farm owned by them, and hence that same shows only an encroachment, and therefore, if appellees are entitled to recover at all as to the Henry Dainwood, the recovery should have been only for the amount of the encroachment, and cite us to Bracken v. Jones, 63 Tex. 186, Holland v. Nance, 102 Tex. 177, 114 S. W. 346, Bender v. Brooks, 103 Tex. 329, 127 S. W. 168, Ann. Cas. 1913A, 559, etc., as supporting their proposition.

We do not believe it can be said, as a matter of law, that appellees' possession and appropriation of the land was such as to amount only to an encroachment. We take it that under the doctrine of Bracken v. Jones, Holland v. Nance, Bender v. Brooks, etc., cited supra, appellees' possession and use of the land could not be held merely an encroachment. The clearing, fencing, and cultivation of the 6 acres by appellees were acts not in any wise incident to the occupancy and use of appellees' home place, which was situated at some distance from the 6 acres and on another tract of land, not adjoining the tract of which the 6 acres were a part, and that the possession of the 6 acres could not be referred, as a matter of law, to the possession of the house or home occupied by appellees. Moreover, the question of good faith is not involved. In the cases cited, the possession of the land in controversy was taken under the belief that it was the property of the one taking possession of it and the mistake discovered later, and then the claim of limitation set up, the court holding that under the facts the claim could be maintained only for the amount of land actually inclosed by the possessor. Here the claimant was not acting under any sort of mistake or misunderstanding. The 38-acre farm had, in a suit between the same parties as here, been set out and awarded to Barrow by metes and bounds, to include his improvements (his 38-acre farm), the remainder of the tract other than the Hart 60 acres being awarded to appellants. He knew the exact bounds of his land. After the entry of this judgment, with all the facts known to him, Barrow and those claiming under him proceeded to take possession of the land in question, cleared the 6 acres, fenced, cultivated, and used same. This was a new and extended possession taken and had by Barrow after the rendition of the judgment and fixing of the boundary limits between the contending parties. However, we do not believe that we should, in the state of the record, hold, as a matter of law, that the facts in evidence support the larger claim; but we think that the question of the extent of appellees' claim is one of fact to be determined by the jury, after hearing the evidence as to appellees' possession, use, and intent supporting their claim.

For the errors discussed, the judgment is reversed and the cause remanded.