### STEVENSON et al. v. BARROW et al. (No. 1377.)

(Court of Civil Appeals of Texas. Beaumont. May 24, 1926. Rehearing Denied June 2, 1926.)

1. **Judgment** ⟜248—Judgment referring to land as north half of 320-acre tract held not inconsistent with plea claiming undivided 160 acres of certain survey.

Where defendants claimed title to undivided 160 acres of survey by limitations, reference in judgment to claim as north half of a 320-acre tract did not render it inconsistent with plea.

2. **Adverse possession** ⟜114(1) — Evidence held not to show that defendant's predecessor had acquired title by adverse possession before sale to defendant.

In suit wherein defendants claimed title to land by limitation, evidence *held* not to show that defendant's predecessor had sufficient possession and use of land to support an adverse claim for over 10 years prior to its purchase

⟜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

(285 S.W.)

by defendant, so as to render verbal sale to defendant void under the statute of frauds.

**3. Appeal and error ⟜1062(2)—Trial ⟜350 (8)—Refusal of special requests to submit issues of sale of claim to defendant and time of such sale was not error where sale and time thereof were undisputed, but, if error, was harmless.**

In suit wherein defendants claimed title by limitation, refusal of special requests to submit issues whether defendant's predecessor sold his claim to defendant, and if so, year and time of year it was sold, was not error where sale and time thereof were undisputed, but, if error, was harmless.

**4. Judgment ⟜252(1) — Where defendants claimed undivided 160 acres and prayed that it be segregated from land claimed by plaintiffs, judgment awarding defendants 160 acres without designating by metes and bounds or providing for its designation held erroneous.**

Where defendants claimed an undivided 160 acres of certain survey by limitations, and prayed that commissioners be appointed to segregate it from that of plaintiffs, so as to include all their improvements, judgment adjudging 160 acres of land to defendants, without designating it by metes and bounds or making any provision for its designation, *held* erroneous, as judgment must follow the pleadings.

Appeal from District Court, Jasper County; V. H. Stark, Judge.

Action by M. M. Stevenson and others against Levi Barrow, Will Holton and wife, and others. Judgment for defendants, and plaintiffs appeal. Judgment affirmed, and cause remanded, with instructions.

Smith & Lanier, of Jasper, for appellants.
G. E. Richardson and Roi Blake, both of Jasper, for appellees.

O'QUINN, J. This is the second appeal in this case. For report of case on former appeal, see 265 S. W. 602. Appellants brought this suit originally involving a portion of the John W. Dainwood survey in Jasper county, Tex., but by amended petition they included a portion of what was known as the lower Henry Dainwood survey in said county.

In the first trial, the defendants (including numerous other parties than appellees) asserted title to all of the John W. Dainwood in controversy, and 160 acres on the Henry Dainwood, and on the trial recovered judgment for about 65 acres of the John W. Dainwood, and a sufficient amount, in addition thereto, of the Henry Dainwood to make 160 acres. On appeal this judgment was reversed and remanded. 265 S. W. 602. After the case was reversed and remanded, all of the defendants, by an amended answer, disclaimed any interest in the land sued for on the John W. Dainwood, and all of the defendants, except appellees Will Holton and his wife, Kate Holton, disclaimed any interest in the land sued for on the Henry Dain-

wood, they claiming an undivided interest therein of 160 acres under the 10 years' statute of limitation.

The case was tried to a jury upon the following special issues:

"Question 1: Did the defendant Will Holton and those under whom he claims occupy, use, and enjoy the land claimed by him on the Henry Dainwood survey for 10 consecutive years prior to the 15th day of August, A. D. 1922?"

To which the jury answered: "Yes."

"Question 2 (requested by plaintiffs): If you answer 'No' to question No. 1 propounded to you by the court in the court's main charge, then you will not answer this question, but if you answer it 'Yes,' then say when Levi Barrow first began clearing the land in controversy. Answer this question by giving the year and time of the year, as near as you can."

To which the jury answered: "1910, during fall."

[1] Appellants' first proposition is overruled. The record supports the claim of appellees to an undivided 160 acres of the Henry Dainwood survey. The fact that the claim may have been referred to as the north half of a 320-acre tract, but it being undisputed that there had never been any segregation or division of same, or any survey or attempted designation of the 160 acres claimed, does not render the judgment inconsistent with the plea.

[2] Appellants' second proposition asserts that the court erred in not giving their special requested charge for an instructed verdict, because the evidence showed that Levi Barrow entered into possession of the land in question in the spring of 1910, and continued to use and clear same until the fall of 1920, when he sold his claim to appellee, Will Holton, and that such claim had matured into title under the law before the sale to Holton, and the sale to Holton, having been a verbal sale, was void under the statute of frauds.

Levi Barrow testified that he began clearing on the land in the spring of 1910; that he lived with his father at that time on the John Dainwood survey, and continued to live with him for several years; that he cleared some acre or an acre and a half, but did not fence it until 1911, and that he planted a cane patch on it in 1911, from which time it was continuously cultivated. No one lived on the land. Barrow continued to clear a little at a time, until by the time he sold the land to his brother-in-law, Holton, in the fall of 1920, there were some 6 acres cleared. R. J. Marks, a brother-in-law of Levi Barrow, testified that he assisted Barrow to clear the land, and that it was in 1911, and that it was fenced and planted in cane that year. C. A. Barrow testified that the first clearing was done in 1911. R. B. Marks testified that he helped to clear the land, and that the first clearing was in the fall of 1910. John T. Rawls testified that he knew the place, and

that it was cleared and put in cane in 1911. Several others who lived in the community testified that the first they knew of it was in 1911. The question of when Barrow first began to work on the land was submitted to the jury, at the request of appellant, and the jury answered: "1910, during the fall." There was only one witness that testified that it was begun in the fall of 1910, while several testified that it was in 1911, and Levi Barrow testified that it was in the spring of 1910. The jury gave credence to the testimony of R. B. Marks, and found that it was in the fall of 1910. The verdict is not without support.

Appellants cite us to the case of Brown v. Fisher (Tex. Civ. App.) 193 S. W. 357, as controlling this case. We think there is a plain distinction between that case and the case at bar on the facts. In that case Fisher, the limitation claimant, went on the land and began to clear and prepare same for use. The record disclosed and the court held that the record showed that from the time Fisher first began to clear the land he continuously and regularly kept up his work of clearing until he had sufficient space cleared for a building site and a garden, and that he fenced and planted same that year, and in the early part of the next year began the erection of a dwelling, and when sufficiently completed moved into same and continued to occupy and use the land for the limitation period. The court seemed to have stressed the continuity and regularity of the work of Fisher and the immediate occupancy when sufficiently improved to indicate his hostile claim to the land from the beginning of the work, and correctly held that limitation, under those facts, began to run from the first of the operations upon the land. Fisher was there continuously and regularly at work, and could be seen at work and heard to claim the land. In the instant case, even if it should have been found that the clearing was first begun in the spring of 1910, it is clear that only a very little work was done—one, or at most one and a half, acres were cleared, the party clearing not living on the land, but living away at his father's, and not until 1911 was there a fence erected and any planting of the land. No continuous or regular work was done on the land. From the time the work of clearing was begun until the sale to appellee Holton in 1920, only about 6 acres were cleared and fenced. It thus appears that the work was done by piecemeal, and, the evidence being without dispute that none of the land was fenced until 1911, and that no use of the land whatever was made until that time, we think it does not come under the rule of Brown v. Fisher. Furthermore, we believe that, in view of the spasmodic and infrequent nature of the work done in the first clearing, and that the land was not fenced until 1911, and the first use of same made that year, it should be held that limitation did not begin to run until that date. We do not believe the possession and the use of the land prior to the spring of 1911, when it was fenced and cultivated, was such as to support an adverse claim. The proposition is overruled.

[3] Appellants' proposition complains that the court erred in refusing their special requested charge No. 4, which requested the jury to find (a) whether Levi Barrow sold his claim to Will Holton, and (b) if they found that Barrow did sell his claim to Holton, then to find when he sold same to him by giving the year and time of the year.

The assignment is overruled. There was no dispute about Barrow selling his claim to Holton. All the testimony shows this, and the court is not required to submit as an issue a fact that is undisputed. Stahlman v. Riordan (Tex. Civ. App.) 227 S. W. 726; Pullman Co. v. G., C. & S. F. Railway (Tex. Com. App.) 231 S. W. 741. Likewise, there was no dispute as to the time the sale was made. It was shown to have been made late in the fall of 1920 at cane-cutting time. Appellants insist that their requested charge should have been given in order to determine whether the claim of Levi Barrow to the land had fully matured into title prior to the sale, because, if so, the sale, being verbal, was void, and appellants entitled to judgment. We think the finding sufficiently specific, and, further, under our holding that limitation did not begin to run in favor of Barrow until he fenced the land and began to use same, which was in the spring of 1911, the date of the sale in the fall of 1920 would be immaterial, as the 10 years would not have been complete until some time in the spring of 1921. Moreover, Levi Barrow testified positively that he had not been claiming the land 10 years at the time he sold it to Holton. In our view of the case, if the refusal of the charge was error, it was harmless error.

[4] Appellants' fourth proposition, presented as fundamental error, says that the judgment was erroneous in that it adjudged 160 acres of land to appellees without designating it by metes and bounds or making any provision for its designation. The judgment awards "an undivided 160 acres of the lower Henry Dainwood survey," and describes the whole of the Henry Dainwood 320-acre survey. In their answer, appellees set up a claim to "an undivided 160 acres in the Henry Dainwood survey," and prayed for "judgment for their land, and that commissioners be appointed to segregate the land claimed by the said defendants from that of plaintiffs in such manner and form so as to include all their improvements." We think the criticism of the judgment is well taken. It is elementary and fundamental that the judgment must follow the pleadings. The court should have determined the bounds of the land awarded by the appointment of commissioners as prayed. There being no description

of the 160 acres awarded in the record by which this court can determine the metes and bounds of same, it will be necessary to remand the case for further proceedings in that respect. Patterson v. Bryant (Tex. Civ. App.) 191 S. W. 771.

Judgment will therefore be here entered affirming the judgment as to the recovery of the 160 acres of land awarded to appellees Will Holton and wife, Kate Holton, but the cause will be remanded to the trial court with instructions to proceed to fix the metes and bounds of said 160 acres in such manner as will be equitable to all parties, and so as to include the improvements of appellees, and it is so ordered. The costs of appeal will be taxed against appellants, but the costs incurred in the further proceedings in the trial court to fix the bounds of the land so awarded will be taxed against appellees.